*Ante*, p. 12

ALBANY,<br>Jan. 1813.<br>STOCKHAM<br>v.<br>JONES.

Judgment for the plaintiff.

——◆——

## STOCKHAM *against* JONES AND KEARNEY, IMPLEADED WITH JEROME.

THIS was an action of *trespass quare clausum fregit.* The *capias ad respondendum* was served only on *Jones* and *Kearney*, two of the defendants, and was returned *non est inventus*, as to the other. The plaintiff declared against the two that were arrested, and the other defendant as returned not found. *Jerome* never appeared or pleaded. The cause was tried at the *Onondaga* circuit, in 1812, before Mr. Justice *Spencer*. It was proved that *Jerome* was jointly concerned in the trespass. The defendants

In an action of *trespass quare clausum fregit*, against three joint trespassers, two were taken; the other returned not found; it was held that the one which had not been arrested, was a competent witness for the other two defendants, on the trial of the cause. Not having a legal and fixed interest in the event of the cause, the objection goes to his *credit*, not to his *competency*.

ALBANY,    offered *Jerome* as a witness, but he was objected to as incompe-
Jan. 1813.  tent, and rejected by the judge.

STOCKHAM      The jury found a verdict for the plaintiff, against the other two
v.        defendants, for 20 dollars.
JONES.

A motion was made to set aside the verdict and for a new trial; and it was agreed that if the court should be of opinion that *Jerome* was a competent witness, the verdict should be set aside, and a new trial granted, with costs to abide the event of the suit; otherwise, the verdict was to stand.

*Birdsey* and *Gold*, for the defendants, contended that *Jerome* was a competent witness. It being an action of trespass, he could not be called upon by the other defendants to contribute to the amount of damages which might be recovered. He was not, therefore, interested in the event of the cause. His being a joint trespasser did
* 8 *Johns.*   not render him incompetent.* And though made a nominal de-
*Rep.* 418.    fendant, yet never having been arrested, he was not a party in
† 2 *Johns.*   the cause, and could not be affected by the verdict.† The rule
*Rep.* 365.    laid down by *Buller*‡ is not now the law. The rule since esta-
‡ *Bull. N. P.*  blished, by various decisions of the *English* courts, as well as in
286.       our own, is, that a person not having an interest in the event of the cause, may be a witness; all other objections go to his *credit*
§ 1 *Saund.*    and not to his competency.§
291. notes.  1
*Term Rep.*
163.   3 *Term*    *N. Williams*, contra, insisted that it was an established and well
*Rep.* 27.   4
*Burr.* 2251.   settled rule, that no party, or co-defendant, or co-trespasser, could
*Stra.* 613.   2
*Esp. Rep.*   be a witness in the cause.¶ On an indictment against joint tres-
552. 2 *Campb.*  passers, one of them cannot be admitted as a witness until he
*Rep.* 334. n.
¶ *Peake's*    has been acquitted. Though not interested, as it regards the
*Ev.* 153.
*Cases temp.*   damages to be recovered, yet being a joint trespasser, *Jerome*
*Hardw.* 123.
264. *Bull. N.*  must be considered as *particeps criminis.*
*P.* 286.

*Per Curiam.* As *Jerome* was named in the writ and could not be taken, and was proved to be a party concerned in the trespass, he was an incompetent witness according to the old rule. (*Bull. N. P.* 286. *Lloyd* v. *Williams, Cases temp. Hardw.* 115.) But since the case of *Bent* v. *Baker*, and which has for many years been adopted by this court, as the proper rule, (*Van Nuys* v. *Terhune*, 3 *Johns. Cases*, 82.) the incompetency of a witness, on the ground of interest, must be confined to a legal fixed interest

in the event of the suit. *Jerome* had no such interest, and the objection went only to his credit.

The verdict must be set aside, and a new trial awarded, with costs to abide the event.

New trial granted.