ALBANY,
Jan. 1814.

RAYMOND *against* SQUIRE.

RAYMOND
v.
SQUIRE.

THIS was an action of covenant, for the breach of the cove-nant of seisin in a deed, dated the 3d of *January*, 1810, exe-cuted by the defendant to the plaintiff for lands in *Broome* county. The defendant pleaded, 1. *Non est factum;* 2. That the defendant was lawfully seised, &c.; 3. That the plaintiff, after the making of the deed, &c. and before the commencement of this suit, to wit, on the 10th of *September*, 1810, did, by a certain deed, &c. release to the defendant all his estate, right, &c. claim and demands which he or his heirs, &c. could or might have of, in, or to, the land, &c. and from all actions, suits and demands whatsoever concerning, &c. should be forever de-barred, &c.; 4. That the defendant, on the 10th of *September*, 1811, and before suit, &c. paid to the plaintiff 1,300 dollars, in full satisfaction and discharge of the covenants, &c. and of the supposed breaches thereof, and of all damages, &c. Issues were joined on the first and second pleas. To the third plea the plaintiff replied that before the making of the said releases, and before this suit, &c. to wit, on the 16th of *March*, 1811, he, the plaintiff, for the consideration of 2,106 dollars, sold and con-veyed the premises to *Benoni St. John* and *Lewis St. John;* and that afterwards, and before the said *release*, &c. to wit, on the 5th of *July*, 1811, the plaintiff and the said *Benoni St. John* discovered that the defendant was not, at the time he executed the said deed to the plaintiff, the true and lawful owner thereof, and was not seised thereof, &c. and it was thereupon *agreed*, in order to secure and reimburse the said *Benoni St. John* the said sum of 2,106 dollars, &c. that he, the said *Benoni St. John*, should have the use, benefit, and advantage of the covenants contained in the said deed of the defendant to the plaintiff, and that in pursuance of that agreement, before the making the said *release*, and before this suit, &c. to wit, on the 5th of *July*, 1811, the plaintiff, by writing under his hand and seal, constituted and

S. executed a conveyance of land to R., with covenants of seisin, &c. dated the 3d of *January*, 1810. On the 16th of *March*, 1811, R. sold and conveyed the same pre-mises to C. and it being after-wards disco-vered that S. was not the legal owner of the land, R. agreed with C. in order to re-imburse and secure him the money he had paid, that he should have the benefit and use of the cove-nants in the deed of S. and on the 5th of *July*, 1811, ex-ecuted a pow-er of attorney to C. to sue S, in the name of R. of which S. had notice. On the ·0th of *September*, 18 , R. exe-cuted a release to S of all his estate and in-terest in the premises, and of all actions and demands, &c. In an ac-tion of cove-nant after-wards, bro't in the name of R., for the use and benefit of C. against S.,

it was held that the *release* of R to S was fraudulent and void, and that the agreement between R. and C. and the power of attorney executed and delivered pursuant thereof, was equivalen' to a for-mal assignment of the covenants, and the power being coupled with an interest, and given as a secu-rity, was not voidable.

appointed the said *Benoni St. John* his attorney, for him and in his name, &c. and to the *use of the said Benoni St. John,* to demand, sue for, &c. all sums of money, demands by the defendant, &c. giving and granting, &c. of which the defendant, afterwards, to wit, on the 9th of *September,* 1811, and before the said release, had notice, &c. And that this suit is brought in the name of the plaintiff for the use and benefit of the said *Benoni St. John,* and not for the benefit of the said plaintiff, &c. with a verification, &c. There was a similar replication to the fourth plea. The defendant, after craving *oyer* of the power of attorney, demurred specially to the replication to the third plea, 1. Because it does not confess or deny the matters set forth in that plea; 2. Because it does not expressly allege that the covenants were assigned by the plaintiff to *Benoni St. John,* &c.

To the replication to the fourth plea, there was a rejoinder, protesting that the premises, &c. were not released and conveyed to *Benoni* and *Lewis St. John,* &c. and protesting that the defendant was the true owner thereof, and was lawfully seised, &c. and protesting also that it was not agreed that *Benoni St. John* should have the benefit of the covenants in the said deed, &c.; that the defendant had no notice of the premises mentioned in the said replication, in manner and form, &c. and issue thereon.

*Van Buren,* in support of the demurrer, contended that it did not appear from the replication that there was, in fact, an assignment of the covenant. There was only a power of attorney to sue. There is no allegation of an assignment, or that any deed had been executed. It is true, this court will recognise the right of an assignee, where there has been a *regular assign*- ment and notice.* But it ought to be alleged that the beneficial interest has been assigned; and the assignment ought to be absolute and conclusive of the whole interest, so that the assignor should not appear to have an interest or control in the thing assigned.

Again, this covenant was not assignable. The covenant was broken the moment it was made.† It was a mere *chose in action,* and in no case has a court of law gone so far as to protect the assignment of a covenant, after a breach of it.

As to the form of the replication; it neither admits nor denies the release set up by the plea.

*\* Andrews v. Beecher,* 1 *Johns. Cases,* 40. *Littlefield v. Storey,* 3 *Rep.* 425.

*† Greenby v. Willcocks,* 3 *Johns. Rep.* 1.

*P. A. Jay*, contra, insisted that it was not necessary that the replication should specially admit or deny the facts in the plea. It is enough if they are substantially, or by necessary implication, denied or admitted.*

The replication sets out the power of attorney, and if that does not amount to an assignment, then it is admitted that there is none. But, if this power was not revocable, it is equivalent to an absolute assignment. *It is a power to sue for, recover, and receive the money to the use of St. John*, and so vests the interest in him as effectually as if there had been a formal assignment. It is a power coupled with an interest, and, therefore, not revocable.† Courts of law have frequently decided that they would protect the rights of an assignee of a bond, or other *chose in action*, and not suffer them to be defeated by a release made on the part of the assignor.‡ There is no reason why the present case should be an exception to the general rule laid down on this subject.

ALBANY, Jan. 1814.
R. AYMOND v. SQUIRE.

* *Chitty's Pl.* 599.

† 1 *Caines' Cases in Error*, 15 *Welsh v. Whitcomb*, 2 *Esp. N. P.* 565

‡ 1 *B. & P.* 447. 1 *Term Rep.* 670.

*Per Curiam.* This court have gone so far as to recognise the rights and interest of the assignee of a *chose in action*, and to protect him against the fraud of the original contracting parties, when the right and the fraud have both appeared upon the record. In the case of *Andrews* v. *Beecker*, (1 *Johns. Cases*, 411.) the defendant pleaded a release to a bond, and the replication stated that the bond was assigned to a third person, for whose benefit the suit was brought, before the execution of the release, and that the defendant had notice of it before the release, and the replication was held good upon demurrer. The same decision was made in the case of *Littlefield* v. *Storey ;* (3 *Johns. Rep.* 425.) and these decisions are founded upon the plain principle that a release, appearing on the face of the record to have been procured by *fraud*, is and must be adjudged by a court of law, as well as by a court of equity, null and void. The *English* courts of law have, with equal effect, protected the rights of the assignee, by setting aside a plea so founded in injustice. (*Legh* v. *Legh*, 1 *Bos. & Pull.* 447. Lord *Ellenborough*, in 1 *Camp. N. P.* 392.) The case before us comes within the principle of the above decisions. The release of the action upon the covenant of seisin was made after it had been agreed between the plaintiff and *St. John*, the purchaser under him, for a valuable consideration, that *St. John* should have the benefit of the covenants of

ALBANY,
Jan. 1814.

the defendant, for his reimbursement and indemnity, and after a power of attorney to enable *St. John* to sue in the plaintiff's name, but for his own benefit, had been executed, and after the defendant had notice of the same. It is not, indeed, stated in the replication that there was a formal assignment of the covenants to *St. John;* but it is stated that it was agreed between the plaintiff and him that he should have the benefit of them, and for that purpose the power of attorney was duly executed and delivered; this was equivalent to a formal assignment, for the letter of attorney, being coupled with an interest, and given as a security, was not revocable.

The plaintiff is, accordingly, entitled to judgment upon the demurrer.

Judgment for the plaintiff.(*a*)

(*a*) See *Tuttle* v. *Bebee*, 8 *Johns. Rep.* 152.