Opinion of the court delivered by
Judge Haywood.
JohnM. Tilford gave a note to Samuel Tilford, who indorsed it to Hayes, who sued both in this action. John M. Tilford confessed judgment, and was released by Samuel Tilford, who then offered him as a witness to prove that the note was usurious. John M. Tilford was examined on his voire dire, and said he knew that he was discharged in law from the demand of Samuel Tilford, but considered himself bound in honor] to indemnify Samuel Tilford, should judgment be given against him, and that he intended to do so. He was then objected to as incompetent, but was received by the circuit court, and proved the note to be usurious. The opinion of the court for the reception of this evidence, was excepted to; and the question now is, whether he was an admissible witness or not.
The rule of evidence now is, that the witness offered is in every case admissible, unless interested in the event of the cause; which is tested by the consideration, whether the proceedings in the cause may hereafter be given in evidence against him, or he has otherwise a legal, fixed and certain interest in the event.
It is supposed that the above rule embraces the case of one who is not interested at law in the event of the cause, and who knows that he is not so interested, but intends, because he thinks himself bound in honor, to indemnify the party producing him, in case of a judgment against him.
In the first place, how shall we know that he so in. tends? Only because he says so. How shall we-know *90 that he is at this time sincere, when he speaks of his intention to indemnify the indorser? Has he kept faith with the indorser? How shall we know that his present intention will continue? His interest rests wholly in his intention; this he may change or alter at his own will and pleasure. This is a mere possibility; he intends, and may possibly hereafter indemnify, if there is judgment against the indorser. Such a variable possibility, coming and going alternately, and entirely under the will and pleasure of the witnesses surely not such a fixed and certain interest as will disqualify.
To admit the intention of a witness, or his own notions of honor and propriety to exclude his testimony, is adverse to the cause of truth; for it will depend upon the witness in every case, whether he will give evidence or not. If he aver a secret intention, which is only in his own breast, (if any where,) and entirely beyond any human discovery, then he is absolved from giving testimony ; but if he will not avow them, he is admissible. Surely the rights of the parties ought not to depend upon the option of the witness, whether he will be sworn or not, especially if that option be founded upon a sentiment or perception of the mind, which, whether it hath existence or not, can never be ascertained, nor its falsehood detected.
Again, if the intention be credited, it proves the integrity of the witness, and he must be excluded, if at all, for his very integrity. Must he be received in i ts absence, and be rejected because of its presence? Must he be received if he has not honesty enough to make him faithful to his undertakings, and be excluded if he has? I think the true rule must be as laid down by Sir James Mansfield, 1 Campbell’s Rep. 144, and stated in 2 Tyler’s Rep. 277; Pothier 310; Swift’s Ev. 55; 9 John. Rep. 220; 10 John. 21; 1 Caine’s Rep. 167; 1 Haywood, 256, and 2 Haywood 355.
But admit that the witness is interested by the obligation of honor which he feels, is he not interested by the same obligation, to speak truth? His obligations are *91 the a equally balanced, and he is therefore a good witness.
Lay aside all the foregoing considerations, and even then the witness is admissible. He is bound to confess the judgment he confessed to the indorser; and in case of a judgment against the indorser, he will be bound by his honor to pay that. Whether then there be a recovery against the indorser or not, his situation will be the same. He will be bound in the one case to pay the indorsee, and in the other the indorser. He will be released of no liability by preventing a judgment against the indorser. It is equal to him whether there be a judgment against the indorser or not; and therefore he is a good witness, even though he has the intention, which he says he has. He may pay the indorser, it is said, with effects not liable to the satisfaction of the judgment; but it is more correct to say, that whatever he can command, though a Ji. fa. will not reach it, still it may be come at by the influence of a ca. sa. or bill in equity, and in this sense is liable to the satisfaction of the judgment.
Judgment affirmed.