E. SCHERMERHORN, surviving ex'x of CORNELIUS SCHERMERHORN, *vs.* CORNELIUS I. SCHERMERHORN, JOHN I. SCHERMERHORN, JOHN I. VAN ALSTYNE, ISAAC JESUP, and H. H. HICKCOX.

THIS was an action of assumpsit on a promissory note, given by the defendants to the testator, for the sum of $360, bearing date 23d April, 1813, payable in one year. The defendants plead the general issue, and the statute of limitations; and two of the defendants, Jesup and Hickcox, also gave notice of discharges obtained by them as *insolvent debtors,* under the two-third act. Issue was joined upon the second plea, and the cause was tried at the Albany circuit, in February, 1827, before the Hon. William A. Duer, one of the circuit judges.

The note produced at the trial had the signature of Jesup and of Hickcox, and the partnership name of "Schermerhorns and Van Alstyne" subscribed to it. A witness proved the hand writing of Jesup and Hickcox, and that the partnership name of Schermerhorns and Van Alstyne was in the hand writing of Van Alstyne, one of the defendants, who, at the date of the note, was a member of a mercantile firm, composed of himself, Cornelius I. Schermerhorn, and John I. Schermerhorn, who transacted their business under the above partnership name. An acknowledgment of the existence of the debt by J. I. Schermerhorn and Van Alstyne, on 26th July, 1820, and the commencement of this suit on 17th July, 1826, was shewn, and the plaintiff rested.

*An entry in the account books of a mercantile firm, who, with others, are joint makers of a promissory note, that they are the principals, and the others the sureties, is not admissible in evidence, in an action by the holder of the note. Such evidence is only received, when its operation is against the party making the entry, as between him and the party with whom he is litigating. One of several makers of a promissory note, discharged as an insolvent debtor, his discharge, unimpeached, and himself released from all liability by the joint makers of the note, has* no interest in a suit commenced on such note; yet being a party on the record, is incompetent as a witness, although the jury pass upon his liability, and find a verdict in his favour. In cases of *torts,* where no evidence has been produced against one of several defendants, a verdict may be taken in his favour, and he admitted as a witness for his co-defendants. So a party in a cause is allowed to prove the loss of a written instrument. Beyond these cases, the rule, both in England and here, is to exclude a party as a witness. And where, on a trial in an action of *assumpsit,* on a promissory note against several defendants, the jury were instructed to pass upon the liability of one of the defendants, and a verdict was rendered in his favour, and he thereupon admitted as a witness to testify for his co-defendants, which produced a verdict in their favour also, the verdict was set aside, and a new trial ordered.

On the part of the defendants, the discharges of Jesup and Hickcox, as insolvent debtors, granted in October, 1817, were produced and read; when the defendants offered in evidence the books of entries of Jesup and Hickcox, (who, it was shewn, had commenced business together as merchants, shortly after the date of the note declared on,) for the purpose of shewing an entry in the same, relative to the note in question; to the admission of which books in evidence, the plaintiff's counsel excepted. They were, however, admitted by the judge, on the ground that entries made by the defendants in their books, simultaneously with the transaction, were proper evidence to go to the jury, to enable them to determine the purpose for which the note was given. From the books it appeared, that on the 1st May, 1814, Jesup and Hickcox credited the testator their note of 23d April, 1814, for $360, and charged him with interest paid on the same, in 1815 and 1816.

A release to Jesup and Hickcox was then produced and proved, from the three other defendants, releasing them from all liability, on account of the other defendants having become sureties for them, and from all claims that might arise out of the prosecution of this suit; and his honor, the circuit judge, was applied to by the defendant's counsel, to direct the jury to acquit *Jesup*, one of the defendants, so that the other defendants might have the benefit of his testimony in this cause. The judge decided, though objected to by the plaintiff, that the jury might pass upon the case of Jesup, and accordingly directed them so to do, who found a verdict in favor of Jesup; whereupon he was sworn as a witness, notwithstanding the objection of the plaintiff's counsel, and testified that the note in question was given for money lent to him and his partner, for their exclusive benefit. There was an attempt to impeach the discharge of Jesup; but as the new trial in this case is granted on other grounds, it is deemed unnecessary to state the evidence on this point. The jury found a verdict for the defendants. A case was made, to move to set aside the verdict, and for a new trial.

*J. Koon,* for plaintiff. The admission of the books of Jesup and Hickcox was improper. An entry by a defendant in his own books, without the privity of the plaintiff, is not admissible evidence against the plaintiff, although it may be against the interest of the defendant, as in this case; Jesup and Hickcox charging themselves as the *principal* debtors, and acknowledging the other makers of the note to be *sureties.* Still, how can Jesup and Hickcox, by an entry in their books, defeat the plaintiff's claim against the other makers? and yet such was the effect of the admission of the books. (17 *Johns. R.* 182. 3 *Johns. R.* 226.)

It is only in actions for *torts,* that one of several defendants is discharged, so that the other defendants may avail themselves of his testimony; and it is done on the presumption that he was arbitrarily made a defendant, to prevent his testimony. (14 *Johns. R.* 122. *Phil. Ev.* 61. *Buller's N. P.* 285.) That presumption must arise from a defect in the proof on the part of the plaintiff, and the right to a discharge must not depend, as in this case, upon evidence adduced on the defence. That the rule does not extend to actions on contracts, has been expressly held in England, in a case precisely analogous. (*Currie* v. *Child and another,* 3 *Camp.* 283 See also 1 *Phil. Ev.* 62; 3 *Esp. N. P. R.* 25.)

*A. Vanderpoel,* for defendants. By the introduction of the insolvent's discharge, and the release from his co-defendants, *Jesup* became a competent witness. He had no *interest* in the event of the suit. Every person is a competent witness, who is not interested in the event of the suit, rendered infamous by crime, or excluded by infidelity. (6 *Cowen,* 153. 8 *Cowen,* 108.) He was entitled to a verdict in his favor; and the plaintiff, on receiving notice of his discharge, might have entered a *nolle prosequi* as to him, and proceeded against the others. (3 *Camp.* 283. 5 *Johns. R.* 160.) This case forms an exception to the general rule, that a party to the record cannot be a witness; for here, though nominally a party, Jesup had no interest in the event of the suit. Had a *nolle prosequi* been entered, there would have been no pretext for his exclusion. Having no interest, and being no longer

a party to the record, he, of course, would have been a competent witness. (16 *East*, 170. See also 1 *Peters*, 303 ; 3 *Binney*, 306 ; 1 *Pickering*, 118 ; 1 *Gallison*, 631 ; 4 *Dallas*, 137 ; 6 *Cowen*, 153.) There is no reason in the rule that a defendant can be discharged only when the fact that he has no interest appears from the plaintiff's testimony. It is immaterial who shews the fact; when the fact appears, the right attaches. It must be so, otherwise a plaintiff may exclude a witness at his pleasure.

As to the admission of the books, they were properly received. The entries were against the interest of the parties, and, made at a time when they were solvent, and could have had no motive for injuring the holder of the note. (12 *Johns. R.* 461. 17 *Johns. R.* 182.) But though inadmissible, if Jesup was a competent witness, the verdict will not be set aside for this cause.

*By the Court*, WOODWORTH, J. The plaintiff is entitled to recover, unless it appears that the note was given for a partnership debt of Jesup and Hickcox, and that all the members of the firm of Schermerhorns and Van Alstyne did not consent to become bound. Van Alstyne affixed the signature. There is no evidence that John I. Schermerhorn, one of the partners, was consulted, or had any knowledge of the transaction.

The law is well settled, that where one of two partners subscribes the copartnership name to a note, as sureties for a third person, without the authority or consent of the other partner, the latter is not bound; and the burden of proving the authority or consent, lies on the creditor or holder of the note. (*Foot* v. *Sabin*, 19 *Johns. R.* 154.) Under this rule, the defendants offered to prove certain entries in the books of the firm of Hickcox and Jesup, to show that they had made a memorandum, whereby Cornelius Schermerhorn, the testator, was credited with the note in question. The evidence was admitted. The entry was as follows: " May 1, 1814, Cornelius Schermerhorn, Cr. by our note bearing date 23d April, 1814, for $360." There were several other entries of a similar character.

The first question is, was the evidence admissible ? I think it clearly was not; on the ground that it was no more than the declaration of a party, which is never evidence to establish a fact in his favor. If it does not go to the point, that Schermerhorn and Van Alstyne were sureties, then it was immaterial and irrelevant, and ought not to have been admitted. This case is distinguishable from that of *Rooseboom* v. *Bellington*, (17 *Johns. R.* 182.) It was there held, that an indorsement on a bond or note, by the obligee or promisee, without the privity of the obligor or promisor, is not admissible evidence of a payment, unless it be first shown that it was made at the time of its date, or when its operation would be against the interest of the party making it. The principle established is, that it must be against the interest of the party making the entry, as between him and the party with whom he is litigating. Here there was no such interest. Whether Hickcox and Jessup were principals or sureties, in no way affected the payee of the note : in either case, his remedy was perfect against them. As to Hickcox and Jesup, it was indeed against their interest to say that they were principals ; for it proved, that had they paid the whole, no claim would arise to call on the other makers for contribution. But with all this the testator had no concern.

The next question is as to the admission of Jesup. He had been discharged under the insolvent act, and both himself and Hickcox released as to all claims of the co-defendants, present and prospective. His discharge not being impeached as fraudulent, I do not perceive that he had any interest in the question. The objection rests on his being a party on the record. Was it competent to take a verdict in his favor, and admit him as a witness for his co-defendants ? In cases of *torts* this is admissible. Where no evidence has been produced against one defendant, he may be examined as a witness for a co-defendant ; but if there is the slightest evidence against him, it cannot be done. (*Brown* v. *Howard,* (14 *Johns. R.* 122. 15 *Johns. R.* 223.) So also the evidence of a party has been received, to prove the loss of a written instrument, on the ground that it is addressed solely

to the judge, who is to determine without the intervention of a jury. (*Jackson* v. *Fryer*, 16 *Johns. Rep.* 193.) Beyond these cases, the rule, both in England and here, seems to have been to exclude a party as a witness. A different rule has prevailed in Pennsylvania. A plaintiff, who had assigned all his property, and released the money which might be recovered in the action, was held competent to testify. (3 *Binney*, 306.) In that case, it was strongly urged by counsel, that very dangerous innovations in the law of evidence had been made in that state since the revolution. Chief Justice Tilghman admits, that no instance had been shown of the plaintiff's being received as a witness in an action at law in England. He observes, the reason for admitting such evidence is much stronger in Pennsylvania than in England; and one reason given is, that there is no court of chancery in Pennsylvania. It is evident the case in *Binney* proceeded on the ground of former cases decided in that state, and on what they considered the reason of the law; but it may be observed, that many rules which may appear artificial and resting on precedent only, will, on close examination, appear to be deeply laid in a knowledge of mankind, and in a regard for the great interests of the community. The system of evidence adopted by the common law is calculated to aid in the attaining of truth, by making a judicious selection of the channels through which it shall be sought. In the cases alluded to, the principle of interest does not present itself. Motives of policy are called in for the purpose of resisting testimony in certain cases, and thereby prevent the consequences supposed to result from its admission. It cannot be doubted, that although a plaintiff may have assigned his interest, he comes to testify under a strong bias. He feels that the cause is his own, although he may have executed an assignment, and is secured as to the costs. The defendant is entitled to full and fair protection against testimony derived from the opposite party. Is not this security put in danger by allowing the plaintiff on record, under any circumstances, to appear as a witness? He may not strict-

ly be interested, but the policy of the law may have wisely excluded him.

In 3 *Esp. R. 25,* and 3 *Camp.* 283, which were actions on contracts, defendants who had been discharged as bankrupts were offered as witnesses, and in both cases were rejected; in the one case by Lord Kenyon, and in the other by Lord Ellenborough. These were *nisi prius* cases; but they appear to have been acquiesced in. There does not appear to be any case in the English books, treating of the doctrine of evidence to the contrary. If so important a principle was recognized by law, we might expect to find it asserted.

In the case of *Nordon et al.* v. *Williamson,* (1 *Taunt.* 378,) the defendant called one of the plaintiffs as a witness; he was sworn, and verdict for the defendant. A motion was made for a new trial, on the ground that the testimony was inadmissible. Mansfield, Ch. J. observed, that he did not remember a plaintiff to have been called as a witness, and perhaps the same thing may rarely occur again; that he knew no reason why, if the defendant is willing to admit the plaintiff, and he is willing to give evidence against himself, he should not be suffered so to do. Chambre, justice, said, "The defendant may waive the objection to the plaintiff's testimony if he will."

This very clearly shows, that the examination of a party (undoubtedly referring to cases on contract) was a thing unheard of. It will scarcely be contended that the question was here raised on the ground of interest. The plaintiff was admitted by consent, and yet it was contended that his testimony was inadmissible. It cannot be believed that counsel would seriously urge, or the court sit gravely to decide, that an interested witness might be admitted if the parties consented. The argument must rather have been, that no rule of evidence permitted a party, in any case, to be a witness. The court thought that consent was sufficient to admit even a party.

It seems to me that Jessup was not a competent witness. If he had been competent, I incline to think the verdict ought not to be disturbed; for although the charge of the judge was not, according to my view correct, in saying that the entry in

Jessup and Hickcox's books was evidence to be taken into consideration by the jury, yet the testimony of Jessup, had it been competent, was ample to sustain the verdict.

New trial granted ; costs to abide the event.