*The Chief Justice
delivered the opinion of the court.
The declaration in this action is founded -on a deed, whereby the defendant and his wife, on the 20th June, 1828, conveyed to the plaintiff a tract or parcel of land in the township of Acquackanunk, in the county of Essex, and whereby the defendant covenanted with the plaintiff and his heirs and assigns, that he and his wife were the true, lawful and right owner of all and singular the said lands and premises; and that the s^iid land and premises at the time of the sealing and delivery of the said deed,, were not incumbered by any mortgage, judgment or limitation, or by any incumbrance whatsoever, by which the title of the said Hassel Garrison, the plaintiff, thereby made or intended to be made, could or might* be changed, charged, altered or defeated in any manner whatever; and that the defendant and his wife then ha'd good right, full power and lawful authority, to grant, bargain and sell the said land and premises in manner aforesaid; and that the defendant would warrant, secure and forever defend the said land and premises, unto the plaintiff and his heirs and assigns forever, against the lawful claims and demands of all and every person or persons, clearly and freely discharged of and from all manner of incumbrances whatsoever; and the *301 plaintiff then avers as a breach, that the said lot of land and premises at the time of the sealing and delivery of the said deed, were incumbered by a mortgage given by the defendant and his wife to one Francis R. Post, to secure the payment of the sum of $279, with interest, which mortgage yet remains as an unsatisfied incumbrance on the said lot of land.
The defendant has pleaded four pleas, on the first and second of which issues of fact have been taken.
In the third plea the defendant says, that before and at the time he conveyed to the plaintiff', he was lawfully seized and possessed of the lot of land and premises ; that by virtue of the deed, the plaintiff became and was seized and possessed thereof; and that the plaintiff has not been evicted or disturbed in his possession, or paid the debt or interest, or any part thereof, secured by the mortgage mentioned in the declaration, or been prosecuted or impleaded or been put to any trouble, damage or expense.
*To this plea there is a general demurrer and joinder.
By the fourth plea, the defendant alleges that by virtue of the deed, the plaintiff on the day of the date became lawfully seized and possessed of the lot, and so continued in the quiet and peaceable possession, until, before the commencement of this action, lie conveyed the lot, by deed, to one Andrew Ackerman, who thereby became lawfully seized and possessed, and that neither Ackerman nor the plaintiff has been evicted or disturbed in the possession or paid the debt or interest, or any part thereof, secured by the mortgage mentioned in the declaration, and that the plaintiff has not been impleaded, prosecuted or put to any costs, trouble or expense, by reason of the said incumbrance; and that neither Ackerman nor any other person claiming under the plaintiff has been evicted, disturbed, prosecuted or put to any trouble, or expense, by reason of the incumbrance mentioned in the declaration.
*302 To the fourth plea there is also a general demurrer and joinder.
Upon these demurrers this cause now comes before us.
The questions involved in and raised by them are, I think, fully settled.
1. In the first place — A covenant, by a grantor that at the time of the sealing and delivery of the deed, the premises conveyed are not incumbered by any mortgage or by any incumbrance whatsoever, is broken as soon as it is made and before eviction or disturbance, if at the time of the execution of the deed,- the premises were incumbered by an existing unsatisfied mortgage. To maintain an action on such a covenant, it is not necessary that the grantee should wait until eviction or disturbance or until, he has paid the debt or interest secured by the mortgage, or has been impleaded, prosecuted or put to costs, trouble or expense. The measure of damages will be different under different circumstances. If he sue before he is evicted or has incurred any expense, he will in general be entitled to nominal damages only. Delavergne v. Morris, 7 John. 358. If he pay the debt voluntarily or by compulsion, or if he otherwise await a disturbance, his claim will be enhanced. But the mere right of action, the only question now to be considered, does *not depend on the amount to be recovered. The rule with respect to a covenant for quiet enjoyment, or to warrant, secure and defend the grantee is different. Under such a covenant he has no right of action until he is disturbed. This doctrine is maintained by the cases of Chapman v. Holmes, 5 Halst. 28; Stewart v. Drake, 4 Halst. 139; Lot v. Thomas, 1 Penn. Rep. 407, and by the authorities there referred to.
2. The right of action of the present plaintiff, the grantee, upon this'covenant that there was no mortgage or incumbrance on the premises at the execution of the deed to him, did not pass to Ackerman, by the conveyance of the land which the plaintiff made; nor did the right of action thereby cease and become extinct or irrecoverable.
*303 The right of action upon the breach of the covenant was a chose in action, and as such not assignable, at common law, nor by any statute, so as to enable the assignee to maintain a suit in his own name. It did not pass then to Ackerman, by the conveyance ; nor was it thereby released or extinguished. It remained as before, in full force. If a man breaks the leg of my horse, whom I afterwards sell, the purchaser cannot sue for the injury, as it is not done to him; and the injury to me is not diminished, nor my right to redress destroyed because I have parted with the animal. The covenants for quiet enjoyment, and to warrant and defend the premises, when made to the grantee and his assigns, produce a different result. They are covenants real; they run, as it is said, with the land ; they pass with the land according to its subsequent alienation. There is no breach and of consequence no right of action until a disturbance, and it therefore accrues to him who holds, as assignee when it occurs. Upon this point, I refer again to the cases in this court already cited. In Raymond v. Squire, 11 John. 47, after a conveyance of the land by the original grantee an action on the covenant of seizin was maintained in his name.
3. The cases cited by- the defendant’s counsel do not sustain his pleas in any point. Withy v. Mumford, 5 Cowen, 137, ivas on a covenant of warranty. So was Garlock v. Cross, cited in the note on page 143. In these cases the court differed from the doctrine laid down by Spencer, J., in delivering the opinion of the court in Kane v. Sanger, 14 John. 89; and by Parsons, *C. J. in Bickford v. Page, 2 Mass. Rep. 460, that the assignor may bring an action v/here the covenant runs with the land, and is broken after the laud is conveyed, if the assignor is bound to indemnify the assignee against such breach of covenant. But as in the former cases the covenant of warranty was -in question, and not a covenant that *304 there was no subsisting incumbrance, we are not put to the necessity of enquiring which of these eminent jurisperito are right.
The case of Booth v. Starr, 2 Connect. Rep. 244, was also on a covenant of warranty.
Bickford v. Page, 2 Mass. 455, did not arise on a covenant of warranty and will be found to be adverse in principle to these pleas. The action was brought by the grantee against the grantor upon the covenants in a deed of conveyance. The defendant pleaded-that the plaintiff, after the deed was made to him, and before the commencement of the action, and not having improved the premises, or added to their value, or incurred any expense on account of the same, by his deed duly executed, assigned to one T. R. and his heirs and assigns forever, without any covenant rendering him, the plaintiff, liable for any defect of title in the premises, all the right, of the plaintiff in the premises and in the covenants contained in the deed to him. The court held.that as the defendant had not, in his bar, traversed the breach, alleged in the declaration, of the covenant that the defendant had good right to convey the premises in fee simple to the plaintiff, they must consider that covenant as broken by him; that ’it must have been broken immediately on the execution of the deed containing it; that being broken before-the release, it was a mere chose in action not assignable; that the plea in bar was bad and insufficient in law; and the plaintiff must recover his damages.
The pleas before us cannot, I think, be sustained; they contain no bar to the lawful cause of action set forth in the declaration by the plaintiff; for whom therefore judgment on these demurrers should be rendered.
Drake, J. concurred.
Ford, J. absent.