## HACKETT *vs.* MARTIN.

After the assignment of a *chose in action,* no subsequent act or declaration of the assignor can modify or control it.

Nor can the assignor in such case be admitted a witness for the debtor, in an action brought against him in the name of the assignor, for the benefit of the assignee.

But the relations of the debtor are not changed till he has notice of the assignment.

THIS was *assumpsit* on a promissory note given by the defendant to *Hackett;* which the latter, as it appeared, had sold and delivered, without indorsement, to one *Pratt,* who in like manner sold it to one *Lord,* for whose benefit this action was brought.

The defendant offered in evidence a release made to him by *Hackett* after the assignment of the note, and notice thereof, to the defendant, which was on that account held to be of no effect, by *Smith J.* who sat in the trial in the court below. He then offered to prove the admissions of *Hackett,* made subsequent to the assignment, and notice thereof, stating that the note had previously been paid; which the Judge rejected. The defendant then proposed to call *Hackett* as a witness to testify to the same fact; but the Judge ruled that he was not admissible. He then offered evidence in support of an account filed by him in offset; and the Judge permitted him to prove any charges made before he received notice of the assignment; which the jury allowed accordingly, and returned a verdict for the plaintiff, for the balance. The defendant there-

upon brought up the cause by filing exceptions to the decisions of
the Judge at the trial.

The cause was submitted without argument by *D. Williams* for
the plaintiff, and *H. Warren* for the defendant; and the opinion of
the Court was delivered at the ensuing *June* term in *Washington*,
by

 PARRIS J.   The defendant relies upon a release from *Hackett*
executed subsequent to the commencement of this suit, in which
he admitted that the note had been paid, and thereby discharged the
action.   To rebut this, the plaintiff relies upon the fact that the
note, before it became due, was assigned for a valuable considera-
tion to one *Pratt*, by delivery only, not having been endorsed by
*Hackett*, and that it passed in the same manner into the hands of
*Lord*, for whose benefit this suit is prosecuted, and that the defen-
dant had notice of the assignment before the execution of the re-
lease.

Although, as a general principle, a *chose in action* or a right in
one to sue another to recover money or property in a court of law
is not assignable, so as to enable the assignee to sue in his own
name, yet it has long been settled by repeated decisions, not
now to be doubted, that the law will protect the equitable interest
of an assignee for a valuable consideration, and that the promissor
shall not be permitted to avail himself of any payments made to
the promissee subsequent to his having notice of the assignment,
and that any release made to him by the promissee, after such no-
tice, would be a fraud upon the assignee, and would not defeat an
action brought for his benefit in the name of the assignor.   *Jones
v. Whitter*, 13 *Mass.* 304; *Eastman v. Wright*, 6 *Pick.* 322;
*Andrews v. Beecker*, 1 *Johns. Cas.* 411; *Raymond v. Squire*, 11
*Johns.* 47.

The assignee is to be recognized as the owner, and all acts of
the assignor subsequent to the assignment, and affecting the validity
of the contract are fraudulent.   He has no more power over it,
than a stranger; but until the promissor has notice of the assign-
ment all payments made by him, and all acts of the promissee in
respect to him are good.   *Thayer v. Havener*, 6 *Greenl.* 212.

Hackett *v.* Martin.

From the exceptions it appears, that the defendant knew that the note was in the hands of *Pratt*, more than eight months before it became due. Up to this time he might well presume *Hackett* to be the owner of the note, and whatever payments he made, if not endorsed, would be a legal offset, and so the court below decided ; for the jury were instructed to allow so much of the defendant's account, filed in offset, as accrued previous to the assignment. But whatever payments were made after the defendant had knowledge of the transfer of the note were properly rejected. He knew it was in *Pratt's* possession, and from that circumstance it was to be presumed that it had become his property. *Anderson v. Van Allen*, 12 *Johns.* 343. If the defendant continued his payments to *Hackett*, he did it upon *Hackett's* responsibility, and not in prejudice to the rights of the assignee. The law upon this point is well settled, and it comports with honesty and fair dealing.

Neither can there be any doubt of the correctness of the ruling in excluding the admissions of *Hackett* made after the assignment, and when he had no interest in the note. It is a general principle that the admissions of a party in interest are competent evidence. But *Hackett* had no interest in the note, or legal control over it, at the time when it is said he admitted the payment. He had parted with the debt and the evidence of it. It had become the property of *Pratt* ; and as well might *Hackett's* admissions be introduced in any other suit as in this. *Packer v. Consalus*, 1 *Serg. & Rawle,* 526. *Crayton v. Collins*, 2 *McCord*, 457. So also as to the admissibility of *Hackett* as a witness. He had indeed no interest in the event of the suit, except that he might be liable for the costs in the first instance, and that interest was adverse to the defendant by whom he was offered. But the objection to a party in the suit being sworn as a witness is not placed on the ground of interest ; it arises from considerations of policy. The common law rule is that a party to the record cannot be a witness, unless in actions of *tort.* In no other case can a party to the record give evidence to go to the jury on the merits of the cause. *Schermerhorn v. Schermerhorn*, 1 *Wend.* 119 ; *Supervisors of Chenango v. Birdsall*, 4 *Wend.* 453 ; *Cantey v. Sumter*, 3 *McCord*, 71 *note* ; *Vineyard v. Brown,* 4 *McCord*, 24.

As to the admissions of *Hackett* and his admissibility as a witness, the case of *Frear v. Evartson,* 20 *Johns.* 142, is direct authority. At the trial of that case, the plaintiff proved his demand against the defendant for goods sold and delivered. The defendant then offered to set off his demand against the plaintiff, and called a witness to prove that the plaintiff, since the commencement of the present suit, had admitted and confessed that the items of the account, offered as a set off by the defendant, were due to him from the plaintiff as stated in the bill of particulars. The counsel for the plaintiff objected to the evidence, and to the admission of any confession from the plaintiff, on the ground that he had previously assigned his demand against the defendant; and on proof of the assignment and notice to the defendant, the admission of the plaintiff was rejected. The defendant then offered to call the plaintiff to prove the account of the defendant, and that the same was due before the assignment was made, and before the suit was commenced; but the witness was rejected. A verdict having been returned for the plaintiff, a motion was made, and argued, to set it aside. In giving their opinion, the court say, "The questions in this case are 1st, whether the admissions of the plaintiff after he had assigned his interest to another, could be given in evidence for the defendant who had notice of the assignment. 2d. Whether the plaintiff could be a witness for the defendant when objected to by the plaintiff's counsel, after proving the assignment and notice. The Judge, at the trial, excluded the evidence and rejected the witness, and we see no ground to doubt the correctness of his decision. Having assigned his interest in the *chose in action,* the plaintiff could not impair that interest by any confessions made by him to the prejudice of his assignee. As to his being a witness, that he was a party to the record was enough to exclude him unless by consent of the real parties in interest. The case of *Bauerman v. Radenius,* 7 *D. & E.* 663, is clearly distinguishable from the present case." See also *Mandeville v. Welch,* 1 *Wheat.* 235; 5 *Wheat.* 277.

The general doctrine relating to *choses in action* is this, that after the assignment and notice to the debtor, the debt and the

evidence of its being the property of the assignee, no act or declaration of the assignor can discharge or modify it ; neither can he control a suit prosecuted to enforce its payment ;—that the promissor remains unaffected by the assignment until he has notice of it, and any payments which he may make before notice, are as available in his defence, as if no assignment had been made. But upon notice, his relations are changed. He becomes the debtor of the assignee, and any subsequent payment to the assignor, or receiving a discharge from him, would be attempting a fraud upon the assignee, which the law will not sanction.

*The exceptions are overruled.*