SAFFORD *vs.* LAWRENCE.

The mere fact that the name of a witness appears as a party upon the record is not sufficient to exclude him, if it appears affirmatively that he has no interest in the event of the suit.

The true rule is, not that a witness shall be excluded merely because he is a party to the suit, but *that a party to the issue tried* shall not be examined as a witness.

And whenever it happens that a party upon the record is not a party to the issue upon trial, his competency or incompetency as a witness depends, as in every other case, upon the question of his interest in the event of the trial.

ERROR to the Albany mayor's court. The facts are sufficiently stated in the opinion of the court.

*J. B. Staples*, for the plaintiff.

*F. S. Edwards*, for the defendant.

Safford *v.* Lawrence.

*By the Court*, HARRIS, J.    This action was brought against the copartners of the firm of Safford, Hastings & Co. as the acceptors of several bills of exchange.    Process was only served on Nathaniel Safford.    John L. Safford, one of the defendants named in the declaration, voluntarily appeared in the suit and pleaded his discharge under the bankrupt act of August 9, 1841. Upon the plaintiff's application his appearance and plea were stricken out.    At the trial he was offered as a witness, on behalf of the defendant Nathaniel Safford.    To show him competent, on the ground of interest, his discharge in bankruptcy was produced, and also a release of all his interest in the property and effects of the copartnership of Safford, Hastings & Co. to the defendant Nathaniel Safford.    The court refused to admit him as a witness, on the ground that he was a party to the suit, upon the record.    The question is thus presented, whether the mere fact, that the name of a witness appears as a party upon the record, is sufficient, even though it should appear affirmatively, that he has no interest in the event of the suit, to exclude him.

Phillips states the rule thus :  " A party to the suit, on the record, can not be a witness at the trial, for himself, or for a joint suitor, against the adverse party, on account of *the immediate and direct interest* which he has in the event, either from having a certain benefit or loss, or from being liable to costs." (1 *Phil. Ev.* 69.)    The reason of the rule, it will be perceived, is stated to be, that the fact that he is a party to the suit is *evidence* of an immediate and direct interest in its event.    It may rarely happen that this is not in fact the case.    The instances are few in which a party to the suit is in no way concerned, either in the subject of the litigation, or the costs.    But when such an instance does occur, will the mere fact that he is named on the record as a party be sufficient to disqualify him as a witness?    It is said that " the reason of the law is the life of the law."    What good reason can be assigned for excluding the testimony of a man whose name has been, with or without design, inserted in the record as a party to a suit, in which he has no conceivable interest ?

No writer upon the law of evidence has ventured to lay it

down as a distinct, independent proposition, that the mere fact that a person is named as a party on the record is sufficient ground for excluding him as a witness. Every author, that I have had an opportunity of consulting, connects the proposition with objections on the ground of interest.

Baron Gilbert, in his treatise on the law of evidence, states the general rule that no man interested in the matter in question can be a witness for himself. He then proceeds to deduce several corollaries from the rule, the first of which is, " that the plaintiff or defendant can not be a witness in his own cause, for these are the persons who have a most immediate interest, and it is not to be presumed that a man who complains without cause, or defends without justice, should have honesty enough to confess it." ( *Gilb. Ev.* 130.)

Starkie says, " the rule which excludes a party from giving evidence in his own cause, is not founded merely on the consideration of his interest; if it were, it would follow that a party might always be called by the adversary to give evidence *against* his own interest. The rule is partly, at least, founded on a principle of *policy* for the prevention of perjury." (3 *Stark. Ev.* 1061.) But the same writer adds, at page 1063, that " a defendant upon the record, *who is no party to the issue tried,* may usually be examined as a witness, if he be not disqualified by interest."

The rule, as stated by Peake, is not substantially different. He says, " it may be taken as a general rule, that a party in a cause can not be examined as a witness, for he is, in the highest degree, interested in the event of it. *But where a man is not, in point of fact, at all interested, he may be examined.*" ( *Norris' Peake,* 219.)

Greenleaf, too, writes to the same effect. " The general rule of the common law," he says, " is that *a party to the record,* in a civil suit, can not be a witness, either for himself, or for a co-suitor in the cause. This rule is founded, not solely in the consideration of interest, but partly also in the general expediency of avoiding the multiplication of the temptations to perjury. *The rule applies* to all cases *where the party has any interest*

*at stake in the suit,* although it be only a liability to costs."
(1 *Greenl. Ev.* §§ 329, 347.) In a note to the section last cited,
the author remarks, that "in this country, where the party to
the record is, in almost every case, liable to costs, in the first
instance, in suits at law, he can hardly ever be competent as a
witness."

I have quoted thus liberally from these standard writers, that
it may be apparent how entirely they agree in assigning, as the
reason upon which the rule, that parties to the record may not
be witnesses, rests, their interest in the question, and the policy
of the law, which, as Gilbert says, removes them from testimony,
to prevent their sliding into perjury."

The adjudged cases, both in this country and in England,
will be found to coincide, in their general tenor, with the ele-
mentary writers on the subject. It is true that in some in-
stances judges have asserted in general terms, and perhaps
without sufficient reflection or qualification, the general doctrine
that no party to the record in a suit can be a witness; but after
considerable research, I have not met with a case, nor do I think
a case is to be found, where a witness, in no manner interested
in the event of the suit, and who was not a party to the issue to
be tried, has been excluded upon the sole ground that he was a
party to the record. There are two or three cases which may,
perhaps, be regarded as exceptions to the general proposition;
but in every case that I have examined, the decision may be
sustained without asserting the unqualified doctrine, that a party
to the record, though wholly disinterested, is by the mere fact
of being in the record, disqualified as a witness. I will notice
the cases in our own state, in which the rule is stated in the
broadest terms.

In *Schermerhorn* v. *Schermerhorn,* (1 *Wend.* 119,) five de-
fendants were sued as the makers of a promissory note. They
all pleaded the general issue and the statute of limitations.
Two of them also gave notice of their discharges, obtained under
the two-third act. Upon the trial, the discharges were produced.
The court then, upon the application of the defendant's counsel,
directed the jury to acquit Jessup, one of the defendants, who

Safford *v.* Lawrence.

had been discharged, so that the other defendants might have the benefit of his testimony. This was done, and Jessup was then admitted as a witness for the other defendants, and proved their defence. The court undoubtedly erred in severing the issues, and directing the jury to pass upon those between the plaintiffs and one of the defendants, reserving the others for subsequent trial. In actions for torts, this is allowed, when there is no evidence at all against one defendant. In such cases it is done upon the presumption that such defendant was wrongfully included in the suit, with a view, not to recover against him, but to deprive the other defendants of his testimony. But in actions upon contract it has never been done, except when expressly authorized by statute. The mere *pleading* of a bankrupt or insolvent discharge is not alone sufficient to render a party a competent witness. It has been repeatedly held, that such a party is not entitled to a previous verdict upon his plea, for the purpose of qualifying him to be a witness for his co-defendant. This was the only point decided in the cases of *Raven* v. *Dunning,* (3 *Esp.* 25,) and *Currie* v. *Child,* (3 *Camp.* 283,) to which Mr. Justice Woodworth refers. The only other case he mentions is that of *Nordon* v. *Williamson,* (1 *Taunt.* 378,) which really has no bearing upon the question. There the defendant called one of the plaintiffs as a witness. He allowed himself to be sworn, though he might not have been compelled to testify. The defendant had a verdict. The plaintiffs moved for a new trial, on the ground that the testimony was inadmissible. Lord Mansfield said he could see no reason why, if a defendant was willing a plaintiff should testify, and the plaintiff was willing to give evidence against himself, he should not be suffered to do so. The conclusion was certainly very sensible, but quite obvious. I have no doubt that the case of *Schermerhorn* v. *Schermerhorn* was properly decided, but I do not think it can properly be regarded as an authority to sustain the position that a party to the record can, in no case, be a competent witness.

In *The Supervisors of Chenango* v. *Birdsall,* (4 *Wend.* 453,) the action was against a county treasurer and his sureties, upon

Safford *v.* Lawrence.

his official bond. On the trial, the plaintiff called one of the sureties, a defendant in the suit, as a witness. Though objected to, on the part of the defense, he was admitted. As in *Scher-merhorn* v. *Schermerhorn*, so here, the witness was a party to the issue on trial. He was called to give evidence to establish a cause of action against himself, as well as his co-defendant. This he ought not to have been required to do. To this extent, I admit, that considerations of policy are involved in the question. So far, I can understand what is intended, when it is said that a party is to be excluded from being a witness, on the ground of public policy. It is, to avoid the temptation to perjury, and the hardship of calling on a party to charge himself. But how does the mere fact that his name appears on the record expose the witness to this temptation or hardship, more than any other witness, when he is neither a party to the issue on trial nor interested in the event? In my judgment the true rule is, not that a party upon the record merely, but that *a party to the issue tried*, shall not be examined as a witness. Upon this distinction, founded in reason and good sense, and recognized, as I think I have shown, by all the elementary writers, the numerous decisions, apparently conflicting as they sometimes seem to be, may be reconciled. When therefore it happens, as it sometimes may, that a party upon the record is not a party to the issue upon trial, his competency or incompetency as a witness depends, as in every other case, upon the question of his interest in the event of the trial.

It is upon this distinction that the rule, every where admitted, that a defendant who pleads a matter of personal discharge, may be a witness, if the plaintiff upon receiving his plea enters a nolle prosequi as to him, is founded. Though still, technically, a party to the record, he is no longer a party to the issue. (*Butcher* v. *Forman*, 6 *Hill*, 583.) In what respect does such a party differ from one not served with process? The latter may be, and usually would be, interested in the question, but when he is not, why should he be excluded as a witness, any more than one who, having been made a party, has, by pleading a

matter of personal discharge and the entry of a nolle prosequi, been disengaged from the trial of the issue?

The general rule, that no party to a cause can be permitted to give testimony in it, has been adhered to as steadily in Massachusetts, as any where. In *Fox* v. *Whitney*, (16 *Mass.* 118,) Chief Justice Parker said: "It has heretofore been thought sufficient to exclude such testimony that the witness is a party on record." In *Sawyer* v. *Merrill*, (10 *Pick.* 16,) it was said that a party to the record can not be a witness for a co-defendant. See also *Commonwealth* v. *Marsh*, (10 *Pick.* 57,) where it was said that the rule was not founded, exclusively, on the ground of interest, but also, on that of public policy. (*Page* v. *Page*, 15 *Id.* 368. *Vinal* v. *Burrill*, 18 *Id.* 29.) And yet, in *Gibbs* v. *Bryant*, (1 *Id.* 118,) it was decided, that the testimony of a party named in the process as a defendant, but upon whom no service was made by reason of his absence from the state, was admissible. The action was against James and Thomas Bryant as joint contractors. James alone, having been served with process, appeared in the suit. Upon the trial he offered the deposition of Thomas as evidence, and offered to show him disinterested in the event of the suit. The deposition was excluded on the ground that Thomas was a party to the record. Upon a motion for a new trial, it was insisted that Thomas was not a party to the suit, because there had been no service on him, and that he stood in the same situation as if he had not been named in the writ. In opposition to the motion it was said that Thomas was in fact a party to the record and that it would be dangerous to admit the testimony of a person so situated. The court said, "we are of opinion that the testimony of Thomas Bryant is admissible. *He is no party to the suit, because the writ was not served upon him.* His being a party to the contract is of no consequence, if he is not interested in the event of the suit."

*Purviance* v. *Dryden*, (3 *Serg. & R.* 402,) is to the same effect. Tilghman, Ch. J. said, "The first objection is, that the witness was a party to the suit. The writ was issued against him as well as Purviance, but he was never summoned, and

the action, according to our practice, was carried on against Purviance alone. In fact then, the witness was not a party to the suit, and there is no force in this objection." It may be proper to remark here, that in Pennsylvania, as in New-York, where a suit is brought against several joint defendants, the plaintiff is permitted to proceed against such of them as are served with process, although, as to others, there is a return of *non est inventus*. (*Conk. Treatise*, 2d ed. 76.)

In *Le Roy, Bayard & Co.* v. *Johnson*, (2 *Peters*, 186,) the suit was against Jacob Hoffman and George Johnson as the drawers of a bill of exchange. The writ was returned "no inhabitant" as to Hoffman. Upon the trial, the counsel of Johnson read in evidence the deposition of Hoffman. Washington, J. in delivering the opinion of the court, said : " The only ground upon which the objection [to the deposition] can be rested is, the supposed interest of the witness in the event of the cause, since the suit having regularly abated as against Hoffman, by the return that he was no inhabitant, he was no more a party to it than he would have been, had his name been altogether omitted in the declaration."

In *Stockham* v. *Jones*, (10 *John*. 21,) the capias was served on Jones and Kearney, two of the defendants, and as to Jerome, the other defendant, it was returned *not found*. The plaintiff declared in trespass against the three defendants. Upon the trial, Jerome was offered as a witness for his co-defendants. He was rejected, and on a motion for a new trial it was insisted that, as it was an action for trespass, he was not liable to contribute to the amount of damages which might be recovered, and as he had not been arrested he was not a party to the cause. On the other side, it was contended that he was a co-defendant, and that no party could be a witness in the cause. It was held, that Jerome was not such a party to the suit as to disqualify him as a witness on that account, and that he had no such fixed legal interest as rendered him incompetent.

I do not think *Van Nordin* v. *Striker*, (9 *Wend*. 286,) can be regarded as an authority to sustain the position that a party named in the process, but not brought into court, is such a party

Safford *v.* Lawrence.

to the suit as to disqualify him upon that ground alone. In that case, process was issued against Richard and George Striker. Richard was served, but George was returned not found. Upon the trial *Gabriel* Striker was called as a witness for the defence. It was alledged that he was the person intended to be sued by the name of George Striker. He was examined as *to his interest,* on his *voir dire,* and excluded. No opinion was delivered by the court in affirming the judgment, but it is evident, from the statement of the case, that the witness was rejected because he was interested, and not upon the ground that he was a party.

It was said by Lord Mansfield, in *Walton* v. *Shelley,* (1 *D. & E.* 300,) that the old cases upon the competency of witnesses had gone upon very subtle grounds. But that of late years, the court had endeavored, as far as possible, consistent with those authorities, to let the objection go the credit, rather than the competency of a witness. Lord Kenyon, his successor, a few years afterwards, in alluding to this remark, (*Bent* v. *Baker,* 3 *D. & E.* 32,) said, that if the opinion of so great a judge stood in need of support, it would have it, from the sentiments of Lord Hardwicke, (*Rep. Temp. Hard.* 360,) who said that whenever a question of this sort arose, on which a doubt might be raised, he was always inclined to restrain it to the *credit* rather than the *competency* of the witness, making such observations to the jury as the nature of the case should require.

In tracing the English decisions upon this subject for the last 60 years, it is interesting to observe the steady influence of the opinions of these master spirits in English jurisprudence, in gradually moulding the law of evidence, so as to relax the rule which goes to exclude witnesses, as wholly incompetent, and multiply the cases in which the objection is referred merely to their credibility. As illustrative of the progress of these views I will refer to two recent English cases. *Worrall* v. *Jones,* (7 *Bing.* 395,) was decided in the common pleas in 1831. The action was debt upon a bond executed by Edward Jones as principal, and James Jones and William Baker as sureties, conditioned for the payment of rent. Baker alone pleaded. The

Safford *v.* Lawrence.

other defendants suffered a default. The cause was tried at the London sittings before Bosanquet, J. Edward Jones, one of the defendants, and the principal in the bond, was offered as a witness to sustain the defence. He was objected to on the ground that *he was a party to the record,* but the judge received his testimony. An application for a new trial was made, upon the ground that the witness had been improperly received. Tindal, Ch. J. said, " The question is, whether a defendant, who has suffered judgment by default, and who consents to be examined, is an admissible witness, where he has no interest in the event of the suit. The only objection to his admissibility is, that he is a party upon the record. Upon this question, we are of opinion that the evidence was admissible. No case has been cited, nor can any be found, in which a witness has been refused, upon the objection in the abstract, that he was a party to the suit. Where a party who has suffered judgment by default, is called against his own interest and consents to be examined, we think there is no ground, either on principle or authority, for rejecting him.

In 1842 the case of *Pipe* v. *Steele* was decided in the court of king's bench. (2 *Adol. & Ellis, N. S.* 733.) The suit was against Steele and Harvey, as the drawers of two bills of exchange. Harvey suffered judgment by default. The cause was tried at the London sittings before Lord Ch. J. Denman. Harvey was offered as a witness for the plaintiffs. Though objected to, his evidence was received. Upon a motion for a new trial, the Lord Chief Justice said : " This case raises the important question, whether one of two defendants, who have suffered judgment by default, is competent witness for the plaintiff, in an action upon a contract ? The objection that he is a party to the record, which prevailed in *Brown* v. *Brown,* (4 *Taunt.* 752 ;) and *Mant* v. *Mainwaring,* (8 *Id.* 139,) has been deliberately overruled in *Worrall* v. *Jones,* a case of great authority, in which Lord Chief Justice Tindal gave the unanimous judgment of the common pleas, that *a party to the record may* be examined as a witness, *provided he be disinterested.* After examining several authorities, he concludes by saying : " It therefore

appears to us that the reason for excluding fails, and the witness ought to be received."

That there has been a similar tendency in the decisions in our own and other states, I think has been made apparent. I think, too, we are admonished by the recent radical change of the law of evidence in this state, not to insist upon the application of the ancient rules which would reject testimony as incompetent, beyond what established authorities imperiously require. If it be conceded that judges have entertained different opinions upon the question under consideration, and even that it is impossible to reconcile all the cases, then the only duty that remains to us is, to consider what are the principles and what the good sense to be derived from them all, and apply such principles and good sense to the case in hand.

I am of opinion that the witness should have been received, and that, for this reason, the judgment of the mayor's court should be reversed.

Judgment reversed.