F. W. BERRY, Executor, *vs.* ANDREW J. STEVENS and others.

Waldo. Opinion December 13, 1880.

*Practice. Verdict. Party. Witness.*

Though a verdict has been rendered in favor of a defendant, he still remains a party to the suit until the entry of a judgment on the verdict.

In assumpsit the court will not allow a verdict to be rendered for one defendant, to enable him to testify in favor of his co-defendants, the plaintiff objecting thereto.

ON MOTION to set aside the verdict.

The case is stated in the opinion.

*Joseph Williamson,* for the plaintiff, cited: *Stephenson* v. *Thayer,* 63 Maine, 143; *Wait* v. *Maxwell,* 5 Pick. 220; *Belmont* v. *Morrill,* 69 Maine, 314; *Davis* v. *Mason,* 4 Pick. 158; *Boyden* v. *Moore,* 5 Mass. 365; 1 Phil. Ev. 61; *Brown* v. *Howard,* 14 Johns. 119; *White* v. *Hill,* 6 Ad. & El. N. S. 487; *Wright* v. *Paulin,* 1 R. & Moody, 396; 1 Greenl. Ev. § 358; *Gilmore* v. *Bowden,* 12 Maine, 412; *Wing* v. *Andrews,* 59 Maine, 505; *Hunter* v. *Lowell,* 64 Maine, 572; *Gallup* v. *Gallup,* 11 Met. 445.

*W. H. McLellan,* for the defendants.

The case comes before the court upon a motion, only. There are no exceptions to any ruling of the judge at the trial. The

presiding judge directed a verdict in favor of one of the defendants. No exceptions were taken to that ruling. That defendant was then permitted to testify, no exceptions were taken to that ruling. The only question is, did the jury err? There was evidence that the note was settled and paid to the deceased, and the jury rightly came to that conclusion.

APPLETON, C. J. This action is brought by the plaintiff as the executor of the last will and testament of Phebe C. Berry on a promissory note signed by the defendants, and dated June 12, 1868, on which are several indorsements.

The writ was sued out August 22, 1876. The general issue was pleaded with a brief statement that the note was barred by the statute of limitations.

To avoid the statute, the plaintiff called a witness by whom he proved the payment of fifty dollars by John Stevens, the surety, on September 5, 1870, which was indorsed on the note.

At this stage of the trial, there being no evidence to show a valid promise by Andrew J. Stevens within six years prior to the date of the writ, the defendant moved that a verdict be rendered in his favor, which was done against the objections of the plaintiff's counsel.

The cause then proceeded to trial, and Andrew J. Stevens being called as a witness, the plaintiff objecting, testified that the payment of fifty dollars on September 5, 1870, was made by him, and not by his father, John Stevens, who was a surety on the note. The jury found a verdict in favor of John Stevens. Thus, if the verdict be allowed to stand, both will be discharged, though one is unquestionably liable.

There is no doubt the plaintiff may at any time discontinue as to a defendant, who, being thus discharged, is a competent witness.

This case is one relating to defendants in an action by the plaintiff as an executor. The plaintiff was not a witness and the defendants are not within any of the exceptions to the rule prescribed by R. S., c. 82, § 87, excluding defendants as witnesses when the plaintiff is an executor or administrator.

The cause was being tried. The trial had just commenced. The presiding judge erred in ordering a verdict in favor of one of the defendants that he might be a witness for his co-defendants. The defendants were not to be tried *seriatim.* "I know no law," observes GIBBS, C. J., in *Emmet* v. *Butler*, 7 Taunton, 599, "which requires a judge to stop in the middle of a cause, to consider separately, the case of certain defendants, that they may be made witnesses for the other defendants." As was remarked by DALLAS, J., in the same case, "there is no authority for splitting a case in this manner." To the same effect is the decision in *Schermerhorn* v. *Schermerhorn*, 1 Wend. 119.

It is true, that in torts a separate verdict is sometimes directed to be taken in favor of a defendant, who has been improperly joined, and against whom there has been no evidence whatever. This is done on the ground that such joinder was through the artifice or fraud of the plaintiff. But the doing of this is a matter of discretion. It does not apply in cases of assumpsit.

The defendant, Andrew J. Stevens, is still a party to the record. There has been no entry of judgment. Until judgment he is party to the record and as such is within R. S., c. 82, § 87, and not admissible as a witness. A verdict is no evidence until final judgment, for until that is entered, it may be arrested or a new trial granted.

*Motion sustained. Verdict set aside.*
*New trial granted.*

WALTON, BARROWS, VIRGIN, LIBBEY and SYMONDS, JJ., concurred.