## NORTON vs. W. WOODS & D. WOODS.

Where one partner assigns all his interest in the demands and effects of the firm to his copartner, and the latter brings an action at law, in the name of both, for a copartnership demand, the defendant in such action cannot, on the trial at law, examine the assignor as a witness; neither can he give in evidence admissions, or the answer of the assignor to a bill of discovery, made subsequent to the assignment and notice thereof to prove a setoff, or establish any other defence in such action.

If a nominal plaintiff in an action at law, but who has no real interest in the suit, is the only witness by whom the defendant can establish his defence to such action, the defendant may file a bill in chancery against the real plaintiff, to restrain the proceeding at law, and to have the controversy settled in this court, where such nominal plaintiff may be examined as a witness.

Where a party who is sued at law has a legal defence, he must, as a general rule, avail himself of it in that suit; and it will be too late, after he has suffered a judgment to be recovered against him at law, to apply to the court of chancery for relief.

If the facts which constitute a legal defence to an action at law can only be established by a discovery from the plaintiff, and the defendant can, by the aid of such discovery, avail himself of such defence at law, he should resort to that mode of defence to the action, or he may be precluded by the judgment. But in cases of that kind the court of chancery, if a satisfactory excuse is given for not resorting to a bill in the first instance, may grant relief, after judgment has been obtained in the action at law.

THIS was an application to dissolve an injunction which restrained the defendants from proceeding to collect a judgment recovered in the supreme court. W. Woods, one of the present defendants, had been a copartner with A. Bishop and H. Bulkley, and afterwards purchased out their interest, and took an assignment of all the partnership property and effects, and agreed to pay all the debts of the firm. He afterwards brought a suit against Norton, in the name of himself and his former copartners, for the recovery of a demand alleged to have been due to the firm at the time of the assignment. The defence set up, as to a part of the demand, was an offset, and as to the residue Norton claimed to have paid it to Bulkley, as one of the firm, previous to the assignment. Upon the trial of the cause in the supreme court, Norton called

April 21.

1835.

Norton
v.
Woods.

Bulkley as a witness, to establish this defence. But the coun⸗ sel of Woods objected that he could not be a witness for the defendant, as he was one of the plaintiffs on the record, and the objection was sustained by the circuit judge. Norton then offered to give in evidence the admissions of Bulkley, but as those admissions were made after the assignment of all his interest in the partnership effects to Woods, that evidence was also overruled. The cause was carried up, on a case made, and the decision of the circuit judge was confirmed. The complainant thereupon filed his bill in this court, stating these facts, and that he had a good defence to the claim upon which the judgment had been rendered against him, which he could not prove, except by the testimony of Bulkley, one of the nominal plaintiffs in the suit at law, but who in re- ality had no interest in that suit; and that W. Woods was insolvent, and had assigned his property to D. Woods, the other defendant in this suit. An injunction was granted, upon giv- ing security for the amount of the judgment. And upon the coming in of the answer, this application was made for a dis⸗ solution of the injunction.

*J. Holmes & S. Stevens*, for the complainant.

*David Russell*, for the defendants.

THE CHANCELLOR. The facts upon which this injunction rests are positively sworn to in the bill, as matters within the complainant's own knowledge. But the defendants could only deny them upon their information and belief, not being matters within their personal knowledge. So far, therefore, as the dissolution of the injunction depends upon the answer of the defendants, the equity of the bill is not sufficiently de- nied ; and the injunction should be retained until the hearing, to enable the complainant to substantiate these positive alle- gations of his bill by proof. It becomes necessary, then, to examine the allegations in the bill, for the purpose of seeing whether they are sufficient, if sustained by proof, to entitle the complainant to the relief which is sought by him.

As a general rule, if a party against whom an action is brought has a legal defence, he must avail himself of it in the suit at law. It will be too late, after he has suffered a judgment to be recovered against him there, to apply to this court for relief. And even where the facts constituting the legal defence can only be established by a discovery from the plaintiff, if they are fully known to the defendant, and he can avail himself of them upon the trial, by the aid of a bill of discovery, he should resort to that mode of defence, where the necessity of it is apparent, or he may be precluded by the judgment in that suit. In cases of this kind, however, this court will accept of a satisfactory excuse for not resorting to a bill in the first instance, and may grant relief, after judgment has been obtained in the suit at law.

In the present case, I am satisfied there was no way in which this complainant could have availed himself of the testimony of Bulkley, on the trial of the suit in the court of law. The fact that he was a party to the record prevented his being examined as a witness, according to the technical rules of that court, even with his own consent. And as he could not be allowed to confess away the rights of his assignee, after Norton had notice of the assignment, his admissions and declarations were properly rejected. The same difficulty would also have existed if Norton had attempted to aid his defence by means of a bill of discovery. The facts not being in the knowledge of Woods, the real plaintiff, no discovery from him would have aided the defence. And the same objection would have existed to reading the answer of Bulkley in evidence, as to giving his declarations, or his ex parte affidavit, in evidence on the trial. In either case the real plaintiff would have been deprived of the benefit of a cross-examination. And I think the court of law would not have permitted the answer to be read in evidence against the assignee of the debt. The only remedy in such a case appears to be by a resort to this court; not upon a mere bill of discovery, but by a bill for relief—where persons who have no interest in the litigation may be examined as witnesses for either party, and the party against whom they are called will have a fair opportunity for a cross-exam-

ination. And, if necessary, a feigned issue may be awarded to try the question in dispute between the real parties to the controversy.

The facts stated in this bill, if established at the hearing, appear to be sufficient to constitute a case for equitable relief against the judgment. The motion to dissolve the injunction must therefore be denied. And the complainant's costs of opposing the application are to abide the event of the suit; and must be paid to him, if he finally succeeds in the cause.