NEW-YORK,<br>May, 1838.<br>Benjamin<br>v.<br>Coventry.

Ordered accordingly.

---

## BENJAMIN, survivor of TILLMAN, *vs.* COVENTRY.

A party to the record, though merely a nominal party, is not allowed to testify on the trial of the cause, though he be willing, if objected to by the party in interest.

Counsel professionally consulted may be required to testify, if the privilege be waived by the party who consulted him, although the interest in the subject matter respecting which the confidential communication was made has passed to a third person, and he objects to the disclosure.*

THIS was an action of *assumpsit*, tried at the Oneida circuit in April, 1835, before the Hon. HIRAM DENIO, one of the circuit judges.

Tillman & Benjamin were partners as cabinet-makers, and sold a bill of goods to the defendant in the spring of 1832. In October following, the partnership was dissolved, when Benjamin assigned to Tillman all the partnership property and debts, of which fact notice was immediately

---

*From this last conclusion *Justice* BRONSON dissents. See his opinion, at close of case.

given to the defendant. Tillman afterwards died, and this action is brought for the benefit of his representatives in the name of Benjamin as surviving partner.

The defendant called Benjamin, the plaintiff on record, as a witness, and offered to prove by him that the goods in question were delivered to the defendant, with the knowledge and assent of Tillman, *in payment of a demand of the defendant against Benjamin.* Benjamin was in court, ready and willing to be sworn. The plaintiff's counsel objected, and the witness was rejected.

The defendant then offered to prove by J. A. Spencer, a counsellor at law, what the plaintiff, Benjamin, told him in relation to the demand in question, prior to the dissolution of the partnership. The statements which the defendant proposed to prove were made pending the negotiation for a dissolution, and when Benjamin was consulting Mr. Spencer professionally, in relation to his own individual interest connected with the contemplated dissolution, and for the purpose of obtaining legal advice from him in relation to the transaction with the defendant concerning the furniture, and the effect which the contemplated dissolution would have upon that transaction. Benjamin, who was present, waived his privilege, and consented that the witness should testify. The plaintiff's counsel objected; the evidence was rejected, and the plaintiff had a verdict. A motion is now made for a new trial.

*C. P. Kirkland,* for defendant.

*W. C. Noyes,* for plaintiff.

*By the Court,* Cowen, J. Two points are made by the defendant's counsel : 1. that the plaintiff on the record should have been received as a witness ; and 2. that Mr. Spencer should have been received to prove what he learned from Benjamin is professional confidence.

The cases cited by the plaintiff's counsel, 1 Wendell, 119, 4 id. 453, 5 Paige, 249, are (in this court) a perfect answer upon the first point, whatever may be the rule else-

where. A party to the record, though free of interest, is not a competent witness.

The communications made to Mr. Spencer by Benjamin are admitted to have been in professional confidence, and as such inadmissible in evidence without his assent. But he did assent. He alone was interested in imposing silence on his counsel; and it is agreed that, in this view, the testimony should have been received unless he had become disqualified to waive his privilege. It is supposed that he had become disqualified in consequence of having assigned the demand in question to Tillman, who had given notice to the defendant; and *Frear* v. *Evertson*, 20 Johns. R. 142, is relied on in support of the objection. That case holds that the confessions of the assignor of a chose in action, though a plaintiff on the record, if made after assignment and notice, are inadmissible against the assignee. In one respect, the case cited is certainly not analogous to the present. Here the proposed confession was previous to the assignment, and was, in its own nature, admissible. But the witness who heard it, was incompetent; and the question is whether the rule in *Frear* v. *Evertson* shall be extended to take away the power of an indifferent person to do an act restoring competency. I think not. Such an extension would conflict with many cases. No matter by whom the act is performed, if the witness' disqualification be in fact removed. The person may be and is very commonly one whose confessions cannot be received. A witness has a claim upon the fund to be recovered he cannot be sworn for the plaintiff, and no one would think of offering his declarations; yet he can restore his own competency by executing a release. If it be said the plaintiff must join, the case is still stronger; for even the party interested is thus received to restore competency in his own favor. A party has no such interest in the privilege of another, that he can insist upon it for the purpose of shutting out the truth. A witness is privileged against disclosures which may criminate him: yet he may, in despite of the party, waive the privilege, and testify against him. But this assignor is a party to the record and cannot himself testify: That does not cut off his power to do an act restoring compe-

tency. The plaintiff on the record, however deeply interested, may make his own witness competent. This is done every day, by his executing a release or interposing an indemnity : a fortiori, I should suppose, where the releasor stands indifferent. The circumstance that one cannot be a witness, or cannot confess, does not disqualify him from removing his own bond of privilege by which his attorney or counsel is tied up ; and this very point was held in *Meele* v. *Moore*, 1 Ryl. & Mood. 390. It was there proposed by the assignees to show the act of bankruptcy by the bankrupt's attorney. It is well settled that the bankrupt himself is not a competent witness for that purpose. The act of bankruptcy was a confidential matter with the attorney ; the bankrupt, who was present at the trial, offered to waive his privilege ; but the objection was persisted in, because the bankrupt was not himself competent, and the attorney's testifying was put as a mode of doing a thing indirectly which could not be done directly. Best, C. J., before whom the cause was tried, overruled the objection. This is a point blank authority. True it is a *nisi prius* case briefly stated, the report cited omitting the ground of the decision ; and so of the other books in which it is mentioned. 2 Carr. & Payne, 275 ; 12 Com. L. R. marginal note of S. C. But in the report by Ryan & Moody, they observe in a note that " the credibility of the witness cannot depend on the person by whom his permission to speak is given." The principle is, I think, sound, and directly applicable to the case at bar, in which there should therefore be a new trial, the costs to abide the event.

The CHIEF JUSTICE concurred.

Mr. Justice BRONSON concurred as to the first point, but dissented as to the second. He delivered the following opinion. " Had Benjamin been the party in interest, there would have been no one to object to his being sworn ; and if one party will risk calling his adversary, and he is willing to testify, I see no reason why he should be excluded. *Norden* v. *Williamson*, 1 Taunt. 377, was a case of that kind. In *Finn* v. *Granger*, 3 Camp. N. P. 177, one of the lessors

in an action of ejectment was sworn by consent of both parties. But here the representatives of Tillman are the parties in interest, and they objected to the swearing of the nominal plaintiff. The courts of this state have adhered strictly to the common law rule that a party to the record cannot be sworn. 1 Wendell, 119. 4 id. 453. *Frear* v. *Evertson*, 20 Johns. R. 142, is a case in point against the admissibility of Benjamin; and so also is the case mentioned in *Norton* v. *Woods*, 5 Paige, 249. The witness was properly rejected.

Although no suit was pending nor about to be commenced, Mr. Spencer was consulted professionally by Benjamin, and was not at liberty to disclose the communications which he received. *Foster* v. *Hall*, 12 Pick. 89. This, however, is not the privilege of the attorney, but of the client, who may waive the objection, and then the counsel will be required to testify although such is the general rule, I think this case forms an exception, and that the testimony was properly rejected. On this point I differ with my brethren. Benjamin was but a nominal party. He had assigned all interest in the partnership effects to Tillman, of which fact notice had been given to the defendant. After the transfer and notice, he was not in a condition to do any act which should prejudice the assignee in the recovery or enjoyment of the property. That his admissions could not be received in evidence is settled. *Frear* v. *Evertson*, 20 Johns. R. 142. I can see no difference in principle between that case and the one at bar. In the one, he admits a fact which will defeat the right of the assignee; in the other, he waives a privilege which will have precisely the same effect. I think he can do neither. This court has thus far gone the whole length of recognizing and protecting the rights of the assignee of a chose in action, and I can see no reason why this case should be made an exception. *Merle* v. *Moore*, Ry. & Mood. 390. 2 Car. & Payne, 275, S. C., is relied on by the defendant. But there the assignor was allowed to waive his privilege for the purpose of supporting, not for the purpose of defeating the claim of the assignee. I think a new trial should be denied."

New trial granted.