Sept. 1839.

Holmes
v.
Dole.
Prentice &
Lewis
v.
the same.
Prentice &
Hamilton
v.
the same.

## Holmes vs. Dole.

## Prentice & Lewis vs. the same.

## Prentice & Hamilton vs. the same.

An objection taken at the hearing, that the complainants in Chancery had a sufficient defence at law, will not be available to prevent a decree, unless the defendant in Chancery sets up such ground of defence specifically, either by demurrer, plea, or in his answer; and such objection will not be availing, even though the defendant reserves his right to object to relief in this court, by his answer, unless he specifies the ground of objection, in his answer.

When the holder of a note with sureties, has given time to the principal or maker, for payment, without the assent of the sureties, such indulgence discharges the sureties. And the maker of the note is a competent witness in a suit in favor of the sureties against the holder, to prove such indulgence.

THE facts in this case sufficiently appear from the opinion of the court.

*A. Holmes*, for complainants.

*J. M. Smith*, jr. for defendants.

THE VICE CHANCELLOR. These three cases all depend upon the same, or nearly the same, state of facts.

Sept. 1839.   The complainants had signed notes, as sureties
for one Elisha Clapp, and for his accommodation,
Holmes
v.    which were discounted by the defendant, at usurious
Dole.   rates of interest; and after they became due, time
Prentice &
Lewis   was given to Clapp for the payment of the notes,
v.    without the knowledge or assent of his sureties.
the same.
Prentice & Suits at law had been commenced by the defendant,
Hamilton
v.    for the recovery of these notes, against Clapp and
the same. his sureties.   Clapp had made default, but the sure-
ties defended.   The sureties filed their respective
bills in this court for relief; to procure the said notes
to be set aside for usury, and to declare the sureties
exempt from the payment thereof, by reason that
Dole had given time of payment to the principal
without the consent of the sureties.   Clapp is not a
party to the suits in this court; but the complainants
do not state in their bill, that they cannot prove their
defence at law, or that Clapp is the only witness by
which they can prove such defence, and that they
cannot use his testimony at law, because he is a
party defendant to the suits at law.   It would ap-
pear from the spirit of the cases on this subject,
that such an allegation in the bill is necessary.

Norton vs. Woods, 5 Paige, 249, is a case of this
character.   Indeed, this court will not generally draw
within its jurisdiction, matters depending before a
court of law, unless it appear clearly, from the bill
asking the aid of this court, that the complainant
therein has no adequate remedy at law, or cannot
avail himself of his proofs in that court.   And these
facts must be matter of clear and distinct averment
in the bill asking the aid of this court.   If they are
not so averred, the defendant can take advantage of
it by demurrer, or insist upon it in his answer.   But

if the defendant answers, and comes to a hearing upon pleadings and proofs, it is too late for him, at the hearing, to insist that the complainant had an adequate remedy at law.   By putting in an answer not insisting upon the fact that the complainant has an adequate remedy at law, he submits himself to the jurisdiction of the court, in the case made by the pleadings, unless this court is wholly incompetent to grant the relief sought by the bill. . (Grandin *vs.* Le Roy and Smyth, 2 Paige, 509.)

In these cases, the defendant has not by his answers insisted upon the complete jurisdiction of the court at law in the case presented by the bill, nor even made a suggestion to that effect; but at the close of the answers he has inserted the following paragraph :

 " This defendant also says, that he hopes to " have the same benefit and advantage of except- " ing to said complainant's bill of complaint, at the " hearing, for the want of equity therein, and for " the want of proper parties thereto, and want of " jurisdiction in this court, as if he had demurred " thereto for those or any other causes."

If the bill did not shew a proper case upon the face of it, for equitable interference and relief, in the view I have above taken, it would have been competent for the defendant to demur.   If he did not choose to demur, he might set up the specific ground of the want of equity in the answer, and insist upon it there.   In either case, the specific ground of defect in the bill, would be pointed out, and the complainant might amend, if the circumstances of his case furnished ground for a sufficient amendment. But the general saving clause in these answers,

Sept. 1839.

Holmes
v.
Dole.
Prentice &
Lewis
v.
the same.
Prentice &
Hamilton
v.
the same.

Sept. 1839.

Holmes
v.
Dole.
Prentice &
Lewis
v.
the same.
Prentice &
Hamilton
v.
the same.

points out no particular defect in the bill—it draws the attention of the complainant to no particular defect which he may remedy by amendment; and I consider it wholly inoperative. This is a mere general saving of the defendants' rights; and the defendant should, in order to take advantage of it on the hearing, point out, in his answer, the specific want of equity in the bill, he intends to insist upon; and then, if the complainant went to the hearing upon such specific allegation in view, he would do it with his eyes open, and would be liable to have his bill dismissed. I shall look upon this as nothing more than a general answer, by which the defendant has not made specific averments in season, as to the adequacy of the complainant's remedy at law. And in this case, the defendant must share the fate of others who do not make their objections in season; and these causes must be disposed of upon the merits as they are presented by the proofs. (4 Paige, 132.) The question of jurisdiction is raised too late, and is not raised properly by the answer.

All the necessary facts are proved in these cases to entitle the complainants to relief. The proofs shew that there was usury in the inception of the notes, and that the time of payment was extended after the maturity of the notes, by the creditor to the principal debtor, without the consent of the sureties, in all the cases, and without their knowledge in two of them, and the third, the knowledge stated is not sufficient to amount to a consent to the extension. As to the latter branch of the case, viz. the giving time of payment upon adequate consideration, the cases are clear; and it is now well settled that such indulgence to the principal debtor discharges the

sureties.  The defendant knew that the complain-
ants were mere sureties—he gave time to the prin-
cipal debtor without the consent of the sureties, upon
a consideration which would make the indulgence
binding upon him.  The proof of these facts is, in
each of the cases, by the testimony of Elisha Clapp,
the principal in all the notes.  He was objected to
as incompetent from interest.  The cases, however,
seem to settle the question that his interest is bal-
anced, and that he is therefore competent.  Clapp
is liable, in any event, for the debt and costs.  If
the complainants succeed, he is liable to the defend-
ant: if they fail, and the debt is collected of the
sureties, the witness is liable to the sureties for the
debt and costs, at law, and is in no event liable for
the costs of this suit.  His interest is balanced, and
he is therefore a competent witness.  The case of
Miller *vs*. McCan, in April, 1839, in which I have
been furnished with the manuscript opinion of the
Chancellor,(*a*) is similar to this; and I but carry
out the principles of that case, by giving the com-
plainants relief in these.

The defendant must be perpetually enjoined from
any proceedings against the complainants to collect
the notes mentioned in the pleadings as against the
complainants, but without prejudice to the defend-
ants' rights to enforce the collection of the said notes
with the costs, against the property of Elisha Clapp,
and the defendant must pay the costs of these suits
to be taxed.

Sept. 1839.

Holmes
v.
Dole.
Prentice &
Lewis
v.
the same.
Prentice &
Hamilton
v.
the same.

(*a*) Reported in 7 Paige, 451.