ROBERT SMITH, plaintiff in error, *v.* JOHN MOORE, who sues for the use of Cowles & Co., defendant in error.

*Error to Madison.*

A defendant cannot assign for error that an assignee of a note instituted suit thereon in the name of the payee, unless the objection is made in the Court below, and a bill of exceptions taken to the decision of the Court thereon.

The nominal plaintiff, in an action *ex contractu*, where the action is brought for the use of another, is not a competent witness for the defendant, though he be free from the interest in the result of the suit.

A party to the record, though free of interest, cannot be compelled to testify; and if he is willing to do so, he will not be permitted, without the consent of the real party in interest.

(1) 1 Smith's Chan. Pract. 560; Mitf. Plead. 76-7.
(2) 1 Smith's Chan. Pract. 468.

THIS cause was heard in the Court below, at the April term, 1841, before the Hon. Sidney Breese. Judgment was rendered for the plaintiff, and the cause brought to this Court by writ of error.

N. D. STRONG and J. HALL, for the plaintiff in error, contended,

1. Cowles & Co. were the legal holders of the note, and suit should have been brought in their names. R. L. 482; 2 Scam. 432; 1 Chit. Plead. 1, 3; 1 Graham's Pract. 90.

2. If the suit had been brought in the name of Cowles & Co., it would have been erroneously brought, since the names of partners must be set out.

3. So when brought for their use; since, under our statute, they are liable for costs, and how is the officer to be advised of whom to collect the fee bill? Laws of 1838–9, 271.

4. If suit had been brought in the name of the assignees, Moore would have been a witness. 4 Phillips' Ev. 32; Roscoe on Ev. 172–3, 177; Bayley on Bills 377.

Can the assignee of a note, by using the name of a prior party, without his knowledge or consent, deprive the other party of the benefit of his testimony?

At common law, it is admitted that Moore, if his name had been necessarily used as a legal party, could not have been made a witness against his will; but he might by consent. 1 Taunt. 378.

In this case the witness was called by the defendant, and the objection, as appears by the bill of exceptions, came not from him, but from those claiming the use, and who had voluntarily and wilfully made him a party. But the reason, which existed at common law, excluding a party, has been removed by our statute. Laws of 1838–9, 271.

A. COWLES, for the defendant in error.

TREAT, Justice, delivered the opinion of the Court:

This was an action brought before a *justice of the peace,* in the name of John Moore, for the use of Cowles & Co., against Smith, and taken by appeal for the Madison Circuit Court. It was there tried by the Court, and judgment rendered against Smith for $47.50; to reverse which he has appealed to this Court. It appears, from a bill of exceptions taken on the trial in the Circuit Court, that the action was on a note made by Smith to Moore, and by him assigned to Cowles & Co., without recourse; that Smith, to prove his defence, called Moore as a witness, and at the same time offered to prove that Moore had no interest in the event of the suit, further than what resulted, by law, from the use of his name as nominal plaintiff. To his competency, because of the

use of his name as plaintiff, Cowles & Co. objected, and the Court sustained their objection, Smith excepting.

The errors assigned are,

*First.* The suit was improperly brought in the name of Moore, for the use of Cowles & Co. ;

*Second.* The Court erred in refusing to permit Moore to be sworn as a witness.

The legal interest in the note was in Cowles & Co., to whom it had been assigned by the payee, and the suit should have been brought in their names, as this Court has decided in the cases of Kyle *v.* Thompson *et al.,* (1) and Campbell *v.* Humphries. (2)  But it does not appear that Smith made any objection of this kind in the Court below, or that he objected to the reading of the note in evidence.  To avail himself of the objection here, he should have made it in the Circuit Court, and, if decided against him, excepted to the decision.  It is perfectly consistent with the bill of exceptions, to conclude that the note was read by consent, or without objection.  The first error is therefore not sustainable.

The second error presents the question, whether Moore was a competent witness, it not appearing from the record that his name was used without his consent.  In actions for torts, where no evidence is produced against one of several defendants, a verdict may be taken in his favor, and he then becomes a competent witness for his co-defendants.  In such cases a defendant may be discharged by the entry of a *nolle prosequi* as to him ; and in many cases a defendant may be discharged by interposing successfully a defence personal to himself.  In either case he is severed from the record, and becomes a competent witness.  So, from the necessity of the case, a party may become a witness for the purpose of proving the loss or destruction of a paper, preliminary to the introduction of secondary evidence.  With these exceptions, the rule is now too well settled to be questioned, that a party to the record, though free of interest, cannot be compelled to testify, and although he may be willing to do so, he should not be permitted, without the consent of the real party in interest. (3)

In this case Moore was a nominal party on the record, and Cowles & Co., the real parties in interest, objected to his becoming a witness, and the Court properly excluded him.  If Smith desired his testimony, he might have obtained it by bill of discovery, and by giving the notice and making the preliminary oath under the statute.  If Moore had refused to testify, he might have become a witness himself.

We affirm the judgment of the Circuit Court with costs.

*Judgment affirmed.*

(1) 2 Scam. 432.                         (2) 2 Scam. 478.
(3) Freer *v.* Evertson, 20 Johns. 142; Maurau *v.* Lamb, 7 Cowen 174; Benjamin *v.* Coventry, 19 Wend. 353; Greenl. Ev. 398.