JOHN ROSSEAU, as Administrator, etc., Respondent, *v.* JENNIE BLEAU et al., Appellants.

Where in an action by an administrator to set aside as fraudulent a deed executed by his intestate, it appeared that the deed was not delivered to the grantee until after the death of the intestate, *held*, that the action was not maintainable; that the decedent died seized of the land, and so, the rights of creditors were not affected by the subsequent delivery of the deed.

The act of 1858 (Chap. 314, Laws of 1858), conferring power upon executors and administrators to protect creditors from fraud, confers no power upon them to bring an action to remove a cloud upon title.

Defendants claimed that the grantor delivered the deed to the attorney who drew it, with instructions to deliver it to the grantee. On the trial defendants called the attorney to prove this fact, and that the attorney acted as a mere scrivener in the preparation of the deed. This was objected to and excluded as a privileged communication under the Code of Civil Procedure (§ 835). *Held*, error; that no such professional relations existed between the witness and the decedent as warranted the exclusion of the testimony; but even if that relation did exist, the testimony was not within the prohibition, as the communication was not made in professional confidence, but with intent on the part of the grantor therein that it should be imparted to another; and that the prohibition was thereby waived.

Also *held*, that the legal effect of such a delivery as was claimed would be to divest the grantor of title and transfer it to the grantee.

*Rosseau* v. *Bleau* (60 Hun, 259), reversed.

(Argued January 29, 1892; decided February 12, 1892.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department, entered upon an order made May 21, 1891, which affirmed a judgment in favor of plaintiff entered upon a decision of the court on trial without a jury.

The nature of the action and the facts, so far as material, are stated in the opinion.

*John T. Norton* for appellants. The plaintiff failed to establish any valid claims against the estate of Mary Rosseau. (*Havens* v. *Havens*, 21 N. Y. S. R. 958 ; *Lynn* v. *Smith,* 35 Hun,

275; *Ross* v. *Hardin,* 79 N. Y. 90; *Williams* v. *Hutchinson,* 3 id. 312; *Davis* v. *Gallagher,* 29 N. Y. S. R. 882; *Walters* v. *Mahew,* 30 id. 46.) The findings of fact in the decision do not warrant, authorize or justify the conclusions of law. (Laws of 1858, chap. 314; Laws of 1889, chap. 487; *Platt* v. *Platt,* 105 N. Y. 488; *Price* v. *O. & S. R. Co.,* 50 id. 213; *Armstrong* v. *DuBois,* 90 id. 95; *Berdell* v. *Allen,* 116 id. 661.) The eighth finding of fact, to wit: "That said deed was executed by Mary Rosseau with intent to defraud her creditors out of debts then existing and thereafter to be incurred," is without evidence to support it, and is, therefore, error of law reviewable in this court. (*Bedlow* v. *D. D. Co.,* 112 N. Y. 263; *Williams* v. *Davis,* 69 Penn. St. 28; *Hoyt* v. *Godfrey,* 88 N. Y. 669.) The court erred in its refusal to decide that Jennie Bleau is in contemplation of law a purchaser for a valuable consideration of the property in suit from Mary Rosseau. (*Bedlow* v. *D. D. Co.,* 112 N. Y. 263; Code Civ. Pro. § 829; *Truesdell* v. *Sarles,* 104 N. Y. 164; *Van Wyck* v. *Baker,* 16 Hun, 168; *Flannigan* v. *Barker,* 12 N. Y. S. R. 554; *Starin* v. *Kelly,* 88 N. Y. 418; *Parker* v. *Conner,* 93 id. 118; *Stearns* v. *Gage,* 79 id. 102; *Farley* v. *Carpenter,* 27 Hun, 359; *Jaeger* v. *Kelly,* 52 N. Y. 274; *Manning* v. *Ennis,* 21 Wkly. Dig. 27; *Zoller* v. *Riley,* 100 N. Y. 102; *Murphy* v. *Riggs,* 89 id. 446; *T. Banking Co.* v. *Duncan,* 86 id. 221; *Dudley* v. *Danforth,* 61 id. 626; *Bedell* v. *Chase,* 34 id. 386; *Seymour* v. *Wilson,* 19 id. 417; *Wood* v. *Robinson,* 22 id. 564; *Doty* v. *Clint,* 11 N. Y. S. R. 87; *Warren* v. *Wilder,* 114 N. Y. 207.) The court erred in refusing to show that Mr. Myers, in drawing the deed in suit, acted as a draughtsman only. (*Renihan* v. *Denine,* 103 N. Y. 573; *In re Coleman,* 111 id. 220; *Sanford* v. *Sanford,* 61 Barb. 293; *Sheridan* v. *Houghton,* 16 Hun, 628; *Pearsall* v. *Elmer,* 5 Redf. 181; *In re Chapman,* 27 Hun, 573; *Whepley* v. *Loder,* 1 Dem. 368; *In re McCarthy,* 28 N. Y. S. R. 342.) It was error to refuse to permit the defendant to prove declarations of Mary Rosseau as to her indebtedness to Jennie Bleau. (*Smith* v. *Smith,* 3 Bing. [N. C.] 29; *Cunningham* v. *Smith,* 70 Penn. St.

458; Greenl. on Ev. § 189 ; Laws of 1858, chap. 314.) It was error to refuse to permit the defendant to prove the instructions Mary Rosseau gave to Mr. Myers as to the delivery of the deed in suit to the defendant. (*In re Coleman*, 111 N. Y. 220.) No judgment can be given in favor of a plaintiff on grounds not stated in his complaint, nor relief granted for matters not charged, although they may be apparent from some part of the pleadings or evidence. (*Truesdell* v. *Sarles*, 104 N. Y. 164, 167; Code Civ. Pro. §§ 1638, 1639; *Fisher* v. *Hall*, 41 N. Y. 416; *Stillwell* v. *Hubbard*, 20 Wend. 44; *Roosevelt* v. *Carow*, 6 Barb. 190 ; *Mitchell* v. *Bartlett*, 51 N. Y. 447; *Ford* v. *James*, 4 Keyes, 300 ; *Brewton* v. *Smith*, 28 Ga. 442 ; *Eckman* v. *Eckman*, 55 Penn. St. 269; *Pratt* v. *Pond*, 5 Allen, 593; *Platt* v. *Platt*, 105 N. Y. 488.) The form of the judgment is in accordance with the prayer of the complaint. It overrides the statutory provisions for enforcing debts of deceased persons against their real estate. (Code Civ. Pro. § 2749.)

*H. D. Bailey* for respondent. While under the restrictions of the statute plaintiff could not prove the express terms of the contract between Elizabeth and Mary Rosseau, the evidence does show facts from which the law implies such agreement, and from which the jury might properly find the agreement and the indebtedness. (*Markey* v. *Brewster*, 10 Hun, 16; 70 N. Y. 607; *Woodward* v. *Bugsbee*, 2 Hun, 129; *Davidson* v. *W. G. L. Co.*, 99 N. Y. 558.) And a finding that there was an express contract will be supported on appeal where, from the evidence, the law can imply a contract. (*Smith* v. *Tippincott*, 49 Barb. 398.) All that is required of the plaintiff in this action on that point is to establish claims sufficient to show the insolvency of the estate of Mary Rosseau, and that is done in proving the one claim of Elizabeth Rosseau. (*Lore* v. *Dierkes*, 19 J. & S. 144.) The twenty-second request, which was found, to wit, that Mary Rosseau was not insolvent March 6, 1888, the date of the deed, does not offer any basis for argument in support of the validity of the deed.

(*Jackson* v. *Leek*, 12 Wend. 105 ; *Wood* v. *Hunt*, 38 Barb. 302.) The findings of fact are all supported by evidence and this court on appeal will not consider or disturb them. (*Baird* v. *Mayor, etc.*, 96 N. Y. 567 ; *Ritter* v. *Cushman*, 35 Hun, 284.) Many of the facts requested to be found were immaterial. Any error in respect to such request cannot prejudice the defendant, and will not be here reviewed. (*O. Ins. Co.* v. *Minard*, 2 N. Y. 98, 193 ; *Clarke* v. *Dutcher*, 9 Cow. 674 ; *Page* v. *Ellsworth*, 44 Barb. 636.) This action was properly brought by the administrator. (*Harvey* v. *McDonald*, 113 id. 526 ; *Batl* v. *Graham*, 11 id. 237 ; *Southard* v. *Benner*, 72 id. 424 ; *Lore* v. *Dierkes*, 19 J. & S. 144 ; *Potts* v. *Hart*, 99 N. Y. 168 ; *Lichtenburgh* v. *Herdfelder*, 103 id. 302 ; *Town of Mentz* v. *Cook*, 108 id. 504 ; *Grandin* v. *LeRoy*, 2 Paige, 508.) The deed was properly held, as a matter of fact and law, fraudulent, null and void. (*Dunlop* v. *Hawkins*, 59 N. Y. 342 ; *Pendleton* v. *Hughes*, 65 Barb. 136 ; *Billings* v. *Russell*, 101 N. Y. 226 ; *Wood* v. *Robinson*, 22 id. 564 ; *Carpenter* v. *Roe*, 10 id. 227 ; *Case* v. *Phelps*, 39 id. 164 ; *Savage* v. *Murphy*, 34 id. 508 ; *Shand* v. *Hanley*, 71 id. 319 ; *Cole* v. *Tyler*, 65 id. 73 ; *Carr* v. *Breese*, 18 Hun, 134.) There was no delivery and no acceptance of deed during the life of Mary Rosseau. Delivery and acceptance are essential requisites to the validity of a deed. (*Jackson* v. *Leek*, 12 Wend. 105 ; *Stillwell* v. *Hubbard*, 20 id. 44 ; *Stephens* v. *B. & N. Y. R. R. Co.*, 20 Barb. 332 ; *Fonda* v. *Sage*, 46 id. 109 ; *Bracket* v. *Barney*, 28 N. Y. 333 ; *Roosevelt* v. *Caron*, 6 Barb. 190 ; *Jackson* v. *Rowland*, 6 Wend. 666 ; *Crosly* v. *Hillyer*, 24 id. 280 ; *Foster* v. *B. S. Co.*, 47 Barb. 505.) The proposed evidence of Michael H. Myers was properly rejected. (Code Civ. Pro. §§ 835, 836 ; Morrill on Witnesses, 111–115 ; *Root* v. *Wright*, 84 N. Y. 72 ; *Bacon* v. *Frisbie*, 80 id. 394 ; *Yates* v. *Olmstead*, 56 id. 632 ; *Westover* v. *Æ. L. Ins. Co.*, 99 id. 56.) The statements of Dr. Prefontaine as to conversations with Mary Rosseau, and declarations made by her, were properly rejected. (Code Civ. Pro. § 834 ; Laws of 1858, chap. 314 ; *Harvey* v. *McDonald*, 113 N. Y. 526 ; *Porter* v. *Williams*,

9 id. 142, 149; *Barton* v. *Horner*, 24 Hun, 467; *Southard* v. *Benner*, 72 N. Y. 424; *Van Gelder* v. *Van Gelder*, 81 id. 625; *Angrave* v. *Stone*, 45 Barb. 35; *Waldele* v. *N. Y. C. R. R. Co.*, 95 N. Y. 274; *Clews* v. *Kerr*, 90 id. 663; *Truax* v. *Slater*, 86 id. 630; *Ogden* v. *Peters*, 15 Barb. 530; *Wilson* v. *Pope*, 37 id. 321; *Wilson* v. *Bocum*, 15 Johns. 286; *Gray* v. *Goodrich*, 7 id. 95; *Dickson* v. *McElwain*, 7 How. Pr. 138; *Cook* v. *Dickinson*, 5 Sandf. 663; *U. Bank* v. *Mott*, 13 Abb. Pr. 241; *O. N. Bank* v. *Stokes*, 58 Barb. 508; *People* v. *Allbright*, 23 How. Pr. 30; *Palmer* v. *Rankin*, 56 id. 354; *Stone* v. *Childs*, 15 Hun, 511, 521; *Law* v. *McDonald*, 9 id. 23.) If this deed be as found, fraudulent or void, then it should be set aside, and the property, so far as necessary applied to the payment of debts. (*Taylor* v. *Taylor*, 43 N. Y. 584; *Grandin* v. *LeRoy*, 2 Paige, 508; Code Civ. Pro. § 2751; *Lore* v. *Dierkes*, 19 J. & S. 144; *U. N. Bank* v. *Warner*, 12 Hun, 306; *Cole* v. *Tyler*, 68 N. Y. 73; *Porter* v. *Williams*, 9 id. 142; *Hulce* v. *Sherman*, 13 How. Pr. 411; *Campbell* v. *Adams*, 38 Barb. 132.) Objection not raised below will not be here considered. (*Cheney* v. *Beals*, 47 Barb. 523; *Wood* v. *Young*, 5 Wend. 620; *McDonald* v. *Christie*, 42 Barb. 36; *Oatman* v. *Taylor*, 29 N. Y. 649; *Christenson* v. *Colby*, 43 Hun, 362; *Rainsford* v. *Rainsford*, 57 Barb. 58.)

O'BRIEN, J. The plaintiff, as administrator of Mary Rousseau, who died on the 28th of October, 1888, brings this action in behalf of her creditors to set aside a deed of real estate, made by the intestate in her life-time, in which the defendant Jennie Bleau is named as the grantee, on the ground that the instrument is fraudulent as against such creditors. The complaint alleges, and the trial court has found, that the deceased left no personal estate except a small sum of money, and that at the time of her death she was indebted to one of her relatives for care and attendance during her last sickness, in the sum of two hundred dollars. The trial court found that the deed was executed by Mary Rousseau on the 6th day of March, 1888, and recorded on the 30th day of October, 1888, but not

delivered to the grantee named therein until two or three days after the death of the grantor. It was further found, as matter of fact and law, that the deed was fraudulent, and that the plaintiff, as the representative of creditors, was entitled to judgment setting it aside, and the General Term has affirmed the judgment. Assuming that the plaintiff, under chapter 314 of the Laws of 1858, can maintain such an action as this upon proper allegations and proof, yet we think that, upon the facts found by the trial court, the judgment should have been in favor of the defendants. It having been found that the deed in question was not delivered till after the death of the grantor, it did not, so far as appears, become operative as a conveyance during her life, and it follows, therefore, that the plaintiff's intestate died seized of the lands described therein. The rights of creditors against the real estate of deceased persons, attaches to the land as a statutory lien immediately upon the death of the owner, and, of course, their rights cannot be impaired by any conveyance which is delivered or takes effect subsequently. (*Platt* v. *Platt,* 105 N. Y. 488.)

The creditors represented by the plaintiff, therefore, had a lien upon the land prior to the time that any title could vest in the defendant, if any title vested in her at all. The deed constituted no obstacle whatever to the enforcement of their debts in the usual and ordinary course of administration. There was no need of invoking the aid of a court of equity to set aside the instrument, as it could not, upon the finding, be fraudulent as to creditors. Whatever the consideration or purpose of the conveyance was, it may be good, so far as appears against everyone, so long as the rights of the creditors are protected by the statute, and the administrator had no standing to attack it. He has precisely the same right now to proceed against the land that he would have had if the deed had never been executed. Nor can the judgment be upheld upon the ground that it removes a cloud upon title. The deed was not a cloud upon any right or interest that the creditors of the deceased had, and the statute confers no power upon an administrator to bring an action for that purpose.

The theory of the defendants was that the grantor delivered the deed to the attorney who drew it, with instructions to him to deliver it to the grantee. If this was the fact, the legal effect of such delivery to a third person would be to divest the grantor of her title and transfer it to the grantee by relation as of the date of the delivery to such third person. (*Munoz* v. *Wilson*, 111 N. Y. 295 ; *Hathaway* v. *Payne*, 34 id. 92 ; *Crain* v. *Wright*, 36 Hun, 74.)

On the trial the defendant, the grantee named in the deed, called the attorney who drew it at the request of the grantor and attempted in various forms to prove these facts by him, and also that he acted as a mere scrivener in the preparation of the deed. The evidence was all objected to by the plaintiff upon the ground, among others, that it was a privileged communication under section 835 of the Code. The court excluded the evidence and the defendants excepted. Before this section could have any application to the testimony offered it was necessary to show that the relations of attorney and client existed between the witness and the deceased. (*Renihan* v. *Dennin*, 103 N. Y. 579.) A part of the defendant's offer was to show that these relations did not exist at the time of the transaction sought to be proved. It was entirely competent to prove that, when the defendant sought to prove by this witness the delivery of the deed to him by the grantor for the grantee, it did not appear that there was any such professional relations between the witness and the deceased as to warrant the court in excluding the testimony. But even if the relation of attorney and client had been shown to exist, the attorney was still a competent witness to prove the delivery of the deed to him for the purpose of delivering it to another. Such a communication from client to attorney is not within the prohibition of the section of the Code above cited and the attorney was always competent to prove it, as from its very nature, it was not made in professional confidence nor intended to be confidential, but, on the contrary, imparted to another. (*Hurlburt* v. *Hurlburt*, 128 N. Y. 420.)

It has never been held that a verbal message communicated

from client to attorney to be delivered to a third person cannot be proved in behalf of the person to whom the message was sent by the testimony of the attorney. Moreover the next section of the Code permits the client to waive the privilege when it exists and then the testimony is competent. When the deceased commissioned the witness to deliver the deed to the grantee named therein, she necessarily waived all objections that she might otherwise make to proof of that fact by the attorney. (*Matter of Coleman*, 111 N. Y. 220.)

The finding of the court that the deed was not delivered till after the death of the grantor was, it is fair to assume, the result of excluding the testimony, and in this view its exclusion was probably more hurtful to the plaintiff, upon whose objection it was excluded, than to the defendant who offered it. However that may be in the aspect which the appeal has assumed here, the defendant had the right to give the evidence, and its exclusion was error. There are some other rulings appearing in the record that would be difficult to sustain, but as the judgment must be reversed for the reasons stated, it is not necessary to examine them.

The judgment should be reversed and a new trial granted, costs to abide the event.

All concur, except MAYNARD, J., taking no part.

Judgment reversed.