LOVINA C. COLLINS, Respondent, *v.* THOMAS ROBINSON, Appellant.

*Attorney and client — privileged communications.*

A communication made by a client to his attorney, embodied in a request that the attorney impart it to another and which is imparted accordingly, is not a privileged communication which the attorney is precluded from disclosing as a witness upon a trial, as against the client and without his consent (Code Civ. Proc. §§ 835, 836), on behalf of the person to whom it was so imparted.

The attorney is a competent witness to give evidence of the purpose for which such a communication was made to him, as manifested by the direction of the client to him.

APPEAL by the defendant, Thomas Robinson, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of Wayne county on the 21st day of May, 1891, upon a verdict rendered at the Wayne Circuit, and also from an order entered in said clerk's office on the 26th day of May, 1891, denying the defendant's motion for a new trial made upon the minutes.

*Thomas Robinson*, for the appellant.

*J. W. Hoag*, for the respondent.

BRADLEY, J. :

The action was brought to recover a sum alleged to remain due from the defendant to the plaintiff of the purchase money of a farm and span of horses sold to him by her.

The plaintiff recovered. Prior to and in 1874, the plaintiff had title to the farm. In that year the buildings upon it were destroyed by fire, and the defendant assisted the plaintiff in collecting the insurance money represented by a policy upon them. There were then two mortgages upon the premises, the prior one of $2,500, held by Fanny La Due and the other of $1,500, held by Josephus Collins. One thousand dollars of the money recovered upon the policy of insurance were paid upon the La Due mortgage debt. The defendant, who was an attorney at law, foreclosed the Collins mortgage, bid in the property and took the title. He then gave to Josephus Collins his bond, secured by mortgage upon the farm, for the amount due him from the proceeds of the sale. The plaintiff remained in possession of the premises, and the defendant advanced $238 to build a house upon them, which house was occupied by the plaintiff until in April, 1878, when she left the farm.

In 1876 the defendant, desiring to make a loan secured by mortgage on the farm, conveyed it to the plaintiff, and she made her bond, secured by her mortgage on the premises, to the New York Mutual Life Insurance Company, upon which was obtained a loan of $2,200, the proceeds of which loan were received by the defendant.

About the same time the plaintiff reconveyed the farm to the defendant. The plaintiff alleges, and such is the effect of the evidence on her part, that the defendant then agreed, in consideration of the conveyance, to pay her six hundred dollars ($600) when he sold the farm. This the defendant by his answer and evidence denied.

He alleged, and his evidence was to the effect, that by the arrangement between the parties he was to account to the plaintiff for what he received for the farm, and to charge her with the amount he had advanced, paid and became liable to pay on account of the premises, and upon the incumbrances upon it and her expenses in that behalf, and to pay to her what, if anything, remained. The defendant sold the farm in 1881.

After the evidence in chief on the part of the plaintiff had been given, the defendant called as a witness George W. Cowles, who tes-

tified that he was an attorney and counselor at law. Thereupon the defendant "offered to show by this witness that the plaintiff went to the witness in 1888 and requested him to request the defendant to meet the witness and look over their accounts, specifying as to the amount paid upon the Collins mortgage, upon the La Due mortgage, and the amount paid to build the house, and that he, in obedience to such request, did make such communication to the defendant."

The plaintiff's counsel objected to this as a privileged communication. The objection was sustained and defendant excepted. The statute provides that "an attorney or counselor at law shall not be allowed to disclose a communication made by his client to him or his advice given thereon in the course of his professional employment" (Code Civ. Proc. § 835), unless such provision of the statute is expressly waived upon the trial. (Id. § 836.)

These statutory provisions are substantially declaratory of the common law. (*Bank of Utica* v. *Mersereau*, 3 Barb. Ch. 595; *Benjamin* v. *Coventry*, 19 Wend. 353.)

It may be observed that the evidence so offered was not to prove any conversation between the plaintiff and the witness, further than the request to make to the defendant a communication upon the subject to which it related. Further than that it would clearly be improper to extend the inquiry into any conversation between the plaintiff and the witness which led to such request on her part.

The evidence offered embraced nothing which took place between the plaintiff and the witness beyond what was embraced within the request made by her to be communicated to the defendant, and which, for the purpose of the question, we must assume was transmitted to him pursuant to such request. If this had been done in the presence of both parties by the plaintiff or by her request or direction, it would not, as between her and the witness, be treated as a privileged communication. (*Whiting* v. *Barney*, 30 N. Y. 330; *Britton* v. *Lorenz*, 45 id. 51.)

And the same rule would seem applicable to the case where the attorney receives the communication from the party, with request and intent on the part of the latter that he impart it to another, and he does so pursuant to the request, and the latter seeks to prove it. (*Rosseau* v. *Bleau*, 131 N. Y. 177.)

In such case and to that extent it cannot be treated as confidentially made to the attorney. The express purpose of it is otherwise. (*Matter of McCarthy*, 28 N. Y. St. Repr. 342, 344; *Ripon* v. *Davies*, 2 Nev. & Man. 310; *Griffith* v. *Davies*, 5 Barn. & Ad. 502; *Shore* v. *Bedford*, 5 M. & G. 271.)

For the purpose of the question raised by the exception there is no force in the suggestion that the evidence of the attorney is not permissible to prove the fact upon which the admissibility of the evidence of the communication made to him was dependent. He was a competent witness to give evidence of the purpose for which it was so made as manifested by the direction of the plaintiff to him.

The evidence thus offered and excluded was pertinent to the issue presented by the pleadings, and to which the conflicting evidence of the parties related. It cannot, therefore, be said that its exclusion may not have been. prejudicial to the defendant. The exception was well taken.

The judgment should be reversed and a new trial granted, costs to abide the event.

Lewis and Haight, JJ., concurred.

Judgment and order appealed from reversed and new trial ordered, with costs to abide the event.