# CASES DECIDED

BY THE

# SUPREME COURT

OF THE

# HAWAIIAN ISLANDS.

---

### S. TAKAMORI *v.* U. KANAI.

EXCEPTIONS FROM CIRCUIT COURT, FOURTH CIRCUIT.

SUBMITTED MARCH 20, 1897.     DECIDED MARCH 25, 1897.

JUDD, C.J., FREAR AND WHITING, JJ.

In an action for malicious prosecution, the defendant relied upon the
ground of probable cause as a defense, and set up that he acted
upon the advice of counsel in good faith. The defendant testified in
his own behalf as to the matters stated by him to his counsel in
seeking advice, and thereafter called his counsel as a witness on
his behalf, who after testifying generally that he gave the advice
upon which defendant acted, refused to answer pertinent legal and
material questions as to what facts and how full and correct a
statement was given to him by his client, on the ground that such
communications were privileged. Held, the privilege was waived.

OPINION OF THE COURT BY WHITING, J.

In an action for malicious prosecution the defendant, among
other defenses, claimed and relied on as a defense and justifica-

tion that he acted on the advice of counsel, which constituted probable cause; and he gave testimony himself, and called his counsel, as a witness, to show consultation with counsel on the question of causing the arrest of plaintiff on a charge of embezzlement, and that counsel advised the arrest, and defendant acted upon that advice. Mr. Little, the counsel for defendant, was sworn as a witness on behalf of defendant, and testified generally that he gave advice to his client, Kanai, to have plaintiff arrested for embezzlement. On cross-examination by plaintiff's counsel Mr. Little declined to answer several very pertinent questions as to what facts were disclosed to him by his client, upon which the advice was given, and especially as to how full and correct a statement of facts was made to him by his client. Mr. Little declined to answer on the ground that the communications made to him by his client were privileged. The court sustained the objection and plaintiff excepted.

This ground of defense, that the advice of counsel established the fact of probable cause, was relied upon by the defendant, and the presiding judge gave instructions thereon to the jury. The jury rendered a verdict for the defendant. The presiding judge at the trial clearly erred in sustaining the objection of counsel to answer pertinent legal and material questions put on cross-examination to defendant's counsel, he being a witness called by defendant as to what facts and how full and correct a statement was given to him by his client; the ground relied on by him and sustained by the court for such refusal, to wit, "privileged communications" by client to counsel, is not in this case available to the defendant, for not only did the defendant testify himself regarding some of the alleged facts, but he voluntarily put his counsel on the witness stand to maintain such ground of defense; the defendant thus consented to the counsel disclosing such matters, and the claim of privileged communication falls to the ground. The privilege was waived. 1 Greenl., Ev., Sec. 243; *Foster v. Hall*, 12 Pick. 93; *Hunt v. Blackburn*, 128 U.S. 464; *Benjamin v. Coventry*, 19 Wend. 353. Further, to maintain this ground of defense in these actions, it is necessary that

defendant prove that he made a full and correct statement of the material facts within his knowledge to his counsel, and received advice thereon, and in good faith acted thereon in causing the arrest of the plaintiff, and defendant's counsel being defendant's witness, cannot protect his client by refusing to answer questions affecting this point.

2 Greenl., Ev., Sec. 459; Bigelow, Lead. Cases, Torts, Sec. 200; *Olmstead v. Partridge*, 1 Gray 383; 14 Am. & Eng. Encyc. of Law, p. 53, note 2.

The points are included in defendant's exceptions, Nos. 18 and 19, and on these grounds we find error. It is unnecessary to consider the other exceptions.

New trial ordered.

*Hitchcock & Wise*, for plaintiff.

*G. F. Little*, for defendant.