## STONEHILL et al. v. HASTINGS et al.

(Supreme Court, Appellate Division, First Department.   December 10, 1909.)

1. DEEDS (§ 61*)—DELIVERY—ON DEATH OF GRANTOR.

    The delivery of a deed by the grantor to his agent, for delivery to the grantee on the grantor's death, is a good delivery, if followed by a delivery thereof to the grantee and acceptance by him.

    [Ed. Note.—For other cases, see Deeds, Cent. Dig. §§ 140, 141; Dec. Dig. § 61.*]

2. DEEDS (§ 64*)—DELIVERY FOR RECORD.

    The delivery of a deed by the grantor to his agent, for delivery to the grantee on the grantor's death, and the recording of the deed with intent that it shall become operative, although without the grantee's knowledge, is a good delivery to the grantee; but the deed will not pass title without acceptance, which may be inferred from the recording, unless the grantee rejects the deed.

    [Ed. Note.—For other cases, see Deeds, Cent. Dig. §§ 142, 143; Dec. Dig. § 64.*]

3. DEEDS (§ 65*)—DELIVERY FOR RECORD.

    A deed, executed and recorded without a grantee's knowledge, is accepted by the grantee's demand of possession of the property from the temporary administrator of a prior will devising the property to the grantee for life, and the grantee's exercise of ownership thereafter; and the act of the grantee's agents in procuring the appointment of the administrator is not inconsistent with acceptance, where they had no authority to reject the deed, and the appointment was merely to preserve the status quo.

    [Ed. Note.—For other cases, see Deeds, Cent. Dig. § 144; Dec. Dig. § 65.*]

4. DEEDS (§ 108*)—DELIVERY ON DEATH.

    Although for certain purposes a deed delivered after the grantor's death will be deemed to relate back, yet at the time of death, and before delivery and acceptance, the title remains in the grantor.

    [Ed. Note.—For other cases, see Deeds, Cent. Dig. §§ 298–305; Dec. Dig. § 108.*]

Appeal from Special Term, New York County.

Action by Carl A. Stonehill and others against George Gordon Hastings, individually and as executor, etc., and others. From a judgment for defendants, plaintiffs appeal. Affirmed.

Argued before INGRAHAM, McLAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

Harold Nathan, for appellants.

Theron Davis, for respondents. .

SCOTT, J.  Plaintiffs appeal from a judgment dismissing the complaint.  The plaintiffs are the heirs at law and residuary legatees named in the will of Margaretta Todd, deceased, and the object of the action is to set aside a deed and lease executed by the deceased in her lifetime.

Margaretta Todd was an old woman, about 75 years of age, who owned a valuable apartment house, known as the "Von Hoffman," in West Twenty-Sixth street, in the city of New York.  Her only child was a daughter, Rosalie Tousey, afterwards Rosalie Hastings.  One In-

gersoll Lockwood, a lawyer, was her adviser and confidant. On January 23, 1902, Mrs. Todd made a will, in which she named Lockwood as executor, and gave her daughter a life interest in her property (including the apartment house, with remainder to her grandson, sister, and nephews, the present plaintiffs. On April 14, 1902, she executed a document purporting to be a lease for life to Lockwood of the apartment house. Although this paper is in form a lease, its practical effect is merely to give Lockwood a life agency to manage the property for the compensation of a percentage on the income and the free use of an apartment. This is one of the instruments sought to be set aside. On May 16, 1903, Mrs. Todd signed and duly executed a deed of the apartment house to her daughter, Rosalie Tousey. This deed was delivered to Lockwood, with instructions, as he says, to deliver it to the grantee after the death of the grantor. After the execution of these papers, and down to the time of her death on October 27, 1905, Mrs. Todd continued to manage the property as theretofore, and to exercise acts of ownership over it.

Upon her death a contest at once sprang up over her estate. Lockwood filed the will in the surrogate's office, and caused the lease to himself and the deed to Rosalie Tousey to be put on record. He claimed to be entitled to possession of the apartment house in various capacities, to wit, as executor of the will, as lessee in the so-called lease, and as grantee under an alleged deed of trust not involved in this action. Rosalie Tousey was in Europe when her mother died, and by cable instructed her brother-in-law, Sinclair Tousey, to take charge of her property, and the defendant Hastings to take charge of her legal affairs. Sinclair Tousey and the defendant Hastings, in behalf of Rosalie Tousey, petitioned for the appointment of a temporary administrator, and the Lincoln Trust Company was appointed and took charge of the apartment house as such administrator. Later on Rosalie Tousey, having returned from Europe, filed objections to the will, and thereafter demanded and received from the trust company possession of the real property. She afterwards married the defendant Hastings, and then died, leaving a will by which he was made her sole legatee.

It is conceded by appellants, as, of course, it must be, that a deed may be delivered by the grantor to a third person for the grantee, that such third person need not be authorized by the grantee to receive the deed, and that a direction to the third person not to deliver the deed to the grantee until after the grantor's death will not defeat the delivery. It is undoubtedly true, however, that such a transaction, standing alone, will not establish a valid conveyance; for there still must be delivery to the grantee and acceptance by him. In the present case there is no doubt that the deed was delivered to Lockwood merely as agent of the grantor, and that delivery alone did not amount to delivery to Mrs. Tousey. The recording of the deed, however, was in legal effect such a delivery. The delivery of a deed to the recording officer, with the intent that it shall become operative, although without the knowledge of the party to be benefited, constitutes a good delivery between the parties. Wilcox v. Drought, 71 App. Div. 402, 75 N. Y. Supp. 960, and cases cited. The act of Lockwood,

therefore, in causing the deed to be recorded, constituted a delivery thereof to Mrs. Tousey. Her acceptance was also necessary in order to vest title in her. Such acceptance may, perhaps, be inferred from the fact of recording (Wilcox v. Drought, supra); but, if not, it was clearly indicated by her demand of possession of the property from the temporary administrator, and her assertion and exercise of ownership thereafter.

The appellants insist that the act of Tousey and Hastings, as Mrs. Tousey's representatives, in procuring the appointment of a temporary administrator of the will to take possession of the property, was so inconsistent with any claim of ownership under the deed, that it was equivalent to a rejection of the deed by her, and that, having once rejected it, she could not afterwards accept it. There is no force in this contention. The authority cabled to Tousey and Hastings was very general, and was to protect the rights of Mrs. Tousey, not to waive them. They certainly were not authorized to decide for her whether or not she should accept the deed, and there is nothing to indicate that they intended or undertook to do so. The appointment of a temporary administrator was merely a device to keep Lockwood out of possession, and to preserve the status quo until the rights of the parties could be determined and adjusted.

The appellants call our attention to a supposed inconsistency in the findings, in that the court, while affirming the validity of the deed to Mrs. Tousey, has also found that Margaretta Todd, at the time of her death, owned the property in fee simple; the argument being that upon acceptance, if the deed was accepted, the title of the grantee related back to the date of the deed. There is in fact no inconsistency, and if there were it would be unimportant, because the finding as to the title in Mrs. Todd at the time of her death is one of law. Although for certain purposes a deed delivered after the death of the testator will be deemed to relate back. (Hathaway v. Payne, 34 N. Y. 92), yet at the time of the death, and before delivery and acceptance, the title remains in the grantor (Rosseau v. Bleau, 131 N. Y. 177, 30 N. E. 52, 27 Am. St. Rep. 578).

The appellants challenge the truthfulness of Lockwood's testimony. It is of little moment whether he testified truly or falsely; for, without his testimony at all, the other facts and the presumptions arising from them are sufficient to support the judgment.

The judgment appealed from must therefore be affirmed, with costs. All concur.